Erno Goldberger, Also Known as Abe Goldberger and Others, et al., Respondents, v Benjamin Eisner, Appellant, et al., Defendant. [935 NYS2d 135]—

In 1991 the defendant Benjamin Eisner (hereinafter Benjamin) obtained a judgment in his favor in the sum of $288,667.50 (hereinafter the Eisner Judgment). In 1992, Benjamin assigned the Eisner Judgment to his brother, Sholom Eisner (hereinafter Sholom). The plaintiffs commenced the instant action against the Eisners in 2002, alleging that the assignment of the Eisner Judgment was a fraudulent conveyance, and seeking, inter alia, a declaratory judgment to that effect. The plaintiffs also alleged that they were entitled to a judgment offsetting the Eisner Judgment with another judgment and awarding them the difference between the two, and that they were entitled to an injunction restraining the Eisners from enforcing the Eisner Judgment against them. On December 5, 2007, the Supreme Court entered a default judgment in favor of the plaintiffs and against Sholom, which, inter alia, declared that the assignment of the Eisner Judgment from Benjamin to Sholom was a fraudulent conveyance. The Supreme Court also granted the plaintiffs' application to discontinue the action insofar as asserted against Benjamin.

Benjamin moved, pursuant to CPLR 2001 and 5019 (a), to amend the judgment so as to delete the declaration that the assignment of the Eisner Judgment from Benjamin to Sholom

was fraudulent. In the order appealed from, the Supreme Court denied Benjamin's motion. We affirm.

The provisions in CPLR 2001 and 5019 (a) are only used to correct errors in judgments where the corrections do not affect a substantial right of the parties (*see Kiker v Nassau County*, 85 NY2d 879, 881 [1995]; *Patrician Plastic Corp. v Bernadel Realty Corp.*, 25 NY2d 599, 608 [1970]). Since the "correction" proposed by Benjamin here would have deleted the very declaratory relief that the plaintiffs had sought, it would clearly have affected their substantial rights. Thus, the Supreme Court properly denied the motion.

Moreover, at a hearing before the Supreme Court, Benjamin agreed to the entry of the default judgment against Sholom as a condition precedent to the plaintiffs discontinuing the action insofar as asserted against him. In doing so, he waived his right to object to that judgment (*see generally Mitchell v New York Hosp.*, 61 NY2d 208, 214 [1984]; *Salesian Socy. v Village of Ellenville*, 41 NY2d 521, 525-526 [1977]).

The appellant's remaining contentions are without merit. Rivera, J.P., Balkin, Hall and Cohen, JJ., concur.