EMIGRANT SAVINGS BANK-BROOKLYN/QUEENS, as Assignee of Emigrant Mortgage Company, Inc., Appellant, v BONIFACIO MAKINANO, Respondent, et al., Defendants. [8 NYS3d 215]—

In an action to foreclose a mortgage, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Flug, J.), entered September 6, 2013, and (2), as limited by its brief, from so much of an order of the same court entered January 10, 2014, as denied its motion for summary judgment on the complaint, for an order of reference, in effect, to dismiss the affirmative defenses of the defendant Bonifacio Makinano, and for leave to amend the caption.

Ordered that the appeal from the order entered September 6, 2013, is dismissed; and it is further,

Ordered that the order entered January 10, 2014, is reversed insofar as appealed from, and the plaintiff's motion for sum-

mary judgment on the complaint, for an order of reference, in effect, to dismiss the affirmative defense of the defendant Bonifacio Makinano, and for leave to amend the caption is granted; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the order entered September 6, 2013, must be dismissed, as that order was superseded by the order entered January 10, 2014.

In May 2012, the plaintiff commenced this mortgage foreclosure action against, among others, the defendant Bonifacio Makinano. Also in May 2012, the plaintiff's counsel filed an attorney affirmation in accordance with Administrative Order of the Chief Administrative Judge of the Courts AO/548/10, which was issued by Chief Administrative Judge of the Courts on October 20, 2010. Administrative Order 548/10, which has since been replaced by Administrative Order 431/11 (hereinafter the Administrative Order), requires the plaintiff's counsel in a residential mortgage foreclosure action to file with the court an affirmation confirming the accuracy of the plaintiff's pleadings (*see Wells Fargo Bank, NA v Ambrosov*, 120 AD3d 1225, 1226 [2014]).

In June 2013, the plaintiff moved for summary judgment on the complaint, for an order of reference, in effect, to dismiss Makinano's affirmative defenses, and for leave to amend the caption. In support of its motion, the plaintiff submitted, inter alia, an affidavit from an employee of the plaintiff. In an order entered January 10, 2014, the Supreme Court, among other things, denied the plaintiff's motion on the ground that the plaintiff's counsel had not submitted an attorney affirmation pursuant to the Administrative Order confirming the accuracy of the affidavit of the plaintiff's employee which the plaintiff had submitted in support of its motion. This was error.

Where, as here, a plaintiff commences a residential mortgage foreclosure action after the Administrative Order's effective date, the attorney affirmation must be filed at the time of the filing of the request for judicial intervention (*see* Administrative Order). As the plaintiff had previously filed the attorney affirmation, the plaintiff was not required by the Administrative Order to submit an additional attorney affirmation pursuant to the Administrative Order confirming the accuracy of the affidavit submitted in support of its motion.

Further, the Supreme Court erred in denying the plaintiff's motion. The plaintiff met its prima facie burden of demonstrating its entitlement to summary judgment on the complaint by submitting, among other things, a written assignment from

the original lender, the note, and an affidavit attesting to Makinano's failure to make payments due under the mortgage (*see Baron Assoc., LLC v Garcia Group Enters., Inc.*, 96 AD3d 793, 793 [2012]). In opposition, Makinano failed to raise a triable issue of fact. Likewise, the plaintiff met its initial burden of demonstrating its prima facie entitlement to judgment as a matter of law dismissing Makinano's affirmative defenses, and Makinano failed to raise a triable issue of fact.

In addition, the Supreme Court should have granted those branches of the plaintiff's motion which were for an order of reference (*see* RPAPL 1321; *Deutsche Bank Natl. Trust Co. v Islar*, 122 AD3d 566, 568 [2014]; *Flagstar Bank v Bellafiore*, 94 AD3d 1044 [2012]), and to amend the caption (*see* CPLR 1024; *Deutsche Bank Natl. Trust Co. v Islar*, 122 AD3d at 568; *Flagstar Bank v Bellafiore*, 94 AD3d 1044 [2012]).

Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the complaint, for an order of reference, in effect, to dismiss Makinano's affirmative defenses, and for leave to amend the caption. Leventhal, J.P., Hall, Maltese and Barros, JJ., concur.