■ DEUTSCHE BANK NATIONAL TRUST COMPANY, Appellant, v JACQUELINE OTANO et al., Defendants. [13 NYS3d 112]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Battaglia, J.), dated April 23, 2013, as denied those branches of its renewed motion which were for leave to enter a default judgment upon the defendants' failure to appear or answer the complaint and for an order of reference.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and those branches of the plaintiff's renewed motion which were for leave to enter a default judgment upon the defendants' failure to appear or answer the complaint and for an order of reference are granted.

On May 4, 2007, the plaintiff commenced this foreclosure action. After the defendants failed to appear or answer the complaint, the plaintiff made three unopposed motions for leave to enter a default judgment and for an order of reference, which were denied, with leave to renew. Thereafter, the plaintiff's current counsel reviewed the documents that had been submitted by the plaintiff's former counsel on the prior motions, and determined that the plaintiff was unable to confirm the accuracy of notarizations contained in those documents or that the prior servicer of the mortgage loan had undertaken a proper review of the records, as required by Administrative Orders of the Chief Administrative Judge of

the Courts AO/548/10 and AO/431/11. The plaintiff then submitted the renewed motion now under review, in which it sought, inter alia, leave to enter a default judgment and an order of reference based on new papers. Contrary to the Supreme Court's determination, the plaintiff complied with Administrative Orders AO/548/10 and AO/431/11 by providing a new attorney affirmation and a new affidavit of merit confirming the accuracy of the plaintiff's pleadings and other documents submitted in support of the instant renewed motion (*see generally U.S. Bank N.A. v Eaddy*, 109 AD3d 908, 909-910 [2013]).

The plaintiff demonstrated its entitlement to a default judgment against the defendants by providing proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defendants' failure to answer or appear (*see* CPLR 3215 [f]; *HSBC Bank USA, N.A. v Alexander*, 124 AD3d 838, 839-840 [2015]; *U.S. Bank, N.A. v Razon*, 115 AD3d 739, 740 [2014]; *Mortgage Elec. Registration Sys., Inc. v Smith*, 111 AD3d 804, 806 [2013]). Similarly, the plaintiff established its entitlement to an order of reference (*see* RPAPL 1321; *Wells Fargo Bank, NA v Ambrosov*, 120 AD3d 1225, 1226 [2014]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d 815, 816 [2013]; *Bank of N.Y. v Alderazi*, 99 AD3d 837, 838 [2012]).

Accordingly, the Supreme Court should have granted those branches of the plaintiff's renewed motion which were for leave to enter a default judgment and for an order of reference. Skelos, J.P., Dillon, Austin and Hinds-Radix, JJ., concur.