[14 NYS3d 17]

LINDA P. NASH, Appellant, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent.

First Department, July 14, 2015

APPEARANCES OF COUNSEL

*Louis A. Mangone,* New York City, for appellant.

*Weil, Gotshal & Manges LLP,* New York City (*Gregory Silbert, Richard A. Rothman* and *Karin S. Portlock* of counsel), for respondent.

### OPINION OF THE COURT

MANZANET-DANIELS, J.

The Court of Appeals, on appeal from the prior order (102 AD3d 420 [1st Dept 2013]), held that this Court and the motion court had erred to the extent we construed CPLR 5015 (a) as mandating vacatur of plaintiff Nash's judgment (22 NY3d 220, 226 [2013]). The Court accordingly remitted the matter to the motion court for a consideration of the Port Authority's application to vacate pursuant to CPLR 5015 (a) (*id.*). The motion court, upon remand, vacated Nash's affirmed, final judgment in the exercise of its discretion. We now hold that the motion court acted improvidently in vacating Nash's final judgment.

The motion court's assessment of the relevant factors—the facts of the particular case, the equities affecting each party and others affected by the judgment or order, and the grounds for the requested relief—was flawed. The motion court stated that the facts of Nash's case are "no different" from other plaintiffs who suffered personal injuries as a result of the 1993 World Trade Center terrorist attack. However, one critical fact distinguishes Nash's case from that of the *Ruiz* plaintiffs—the Port Authority elected to forgo an appeal in Nash's case.

The motion court was also incorrect in stating that Nash "participated" in the *Ruiz* appeal. The Port Authority itself did not believe Nash to be a party respondent to the *Ruiz* appeal. Indeed, when Nash requested to be declared a respondent to

the Port Authority's appeal from Ruiz's final judgment, the Port Authority opposed the request, stating that "[Ms. Nash] is not a respondent [on the *Ruiz*] appeal because the Port Authority did not seek (and was not granted) leave to appeal from a judgment in favor of Ms. Nash." The Court of Appeals noted that the *Nash* action was "beyond the scope of [the *Ruiz*] appeal," as "[a] judgment in the Nash action was recently affirmed by the Appellate Division" (*Matter of World Trade Ctr. Bombing Litig.*, 17 NY3d 428, 441 n 7 [2011]). Further, the Court of Appeals unanimously "dismissed" the Port Authority's motion for a "stay" of the *Nash* action on the ground that it lacked "jurisdiction to entertain [it]," inasmuch as "no appeal or motion for leave to appeal in the Nash action [was] pending before the Court of Appeals (*see* CPLR 5519)" (*Matter of World Trade Ctr. Bombing Litig.*, 17 NY3d 856, 856 [2011]).

The Port Authority made a strategic decision not to appeal either the liability or the damages determination in *Nash*, but to prosecute the *Ruiz* case instead. The Port Authority thereafter abandoned any claim that it was not liable to Nash, and represented to the Court of Appeals that a reversal in *Ruiz* would not affect cases like Nash's that had been finally determined. Having failed to seek leave to appeal from Nash's affirmed, final judgment, the Port Authority ought not to profit from its misrepresentations to the detriment of Nash, whose judgment was indisputably final.

As Professor Siegel noted in the Practice Commentaries accompanying CPLR 5513, "[t]he time in which to appeal or to move for leave to appeal if leave is necessary is one of the most rigid in all of procedure. Its passing without the proper step being taken forfeits the appeal and puts an end to the matter" (David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5513:1 at 169 [1995 ed]).

While a court under CPLR 5015 (a) might possess some limited jurisdiction to vacate a final judgment—for example, where the court purporting to enter judgment lacked subject matter jurisdiction—that discretion must be sparingly exercised lest final judgments be subject to never-ending attack, undermining the sanctity and finality of judgments. As Judge Graffeo noted in her partial dissent,

> "We generally do not reward litigants for failing to assert arguments in a timely fashion—with few exceptions, claims not promptly advanced are

deemed waived or forfeited and this proposition applies to the right to seek reversal of a judgment on the ground that it is erroneous on the facts or law (i.e., the type of argument made on direct appeal).

" . . . Simply stated, when a party allows its appellate rights to lapse, it forfeits the right to challenge any issue it could have raised on direct appeal" (22 NY3d at 227).

The Port Authority's motion to vacate the *Nash* judgment was predicated on an issue that had been litigated in *Nash* and would have been reviewable on appeal. The Port Authority ought not to be permitted a second bite at the apple at the expense of the elderly plaintiff, who suffered traumatic brain injuries over 20 years ago, and will now never see a penny of her $5.2 million final judgment.

Accordingly, the order of the Supreme Court, New York County (Milton A. Tingling, J.), entered November 10, 2014, which, upon remittitur from the Court of Appeals, granted defendant's motion to vacate the judgment, same court and Justice, entered January 15, 2010, in plaintiff's favor, should be reversed, on the law and the facts, without costs, and the motion denied.

MAZZARELLI, J.P., RENWICK and CLARK, JJ., concur.

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered November 10, 2014, reversed, on the law and the facts, without costs, and the motion denied.