■ DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for MORGAN STANLEY ABS CAPITAL I, INC. TRUST 2006-WMC2, Respondent, v ORLENA LAWSON, Appellant, et al., Defendants.
[20 NYS3d 624]—

In an action to foreclose a mortgage, the defendant Orlena Lawson appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), entered October 18, 2013, which granted the plaintiff's motion pursuant to CPLR 2001 and 5019 (a) to substitute, nunc pro tunc, a newly signed affidavit of merit and of the amount due in place of the affidavit of merit and of the amount due that was attached to the plaintiff's motion for an order of reference, and thereupon to validate the order of reference dated November 29, 2007, and judgment of foreclosure and sale dated July 7, 2008.

Ordered that the order entered October 18, 2013, is affirmed, with costs.

On July 10, 2007, the plaintiff commenced the instant action to foreclose on the residential mortgage of the defendant Orlena Lawson. After Lawson failed to appear or answer the complaint, the Supreme Court granted the plaintiff's unopposed motions for an order of reference and for a judgment of foreclosure and sale. Lawson then twice unsuccessfully moved to vacate the judgment of foreclosure and sale and to stay the foreclosure sale. Thereafter, the plaintiff's current counsel reviewed the documents that had been submitted by the plaintiff's former counsel on the prior motion for an order of reference, and

determined that the plaintiff was unable to confirm the accuracy of the notarization contained in that document, as required by Administrative Orders 548/10 and 431/11 of the Chief Administrative Judge of the Courts. The plaintiff then moved pursuant to CPLR 2001 and 5019 (a) to substitute, nunc pro tunc, a newly signed affidavit of merit and of the amount due in place of the affidavit of merit and of the amount due that had been attached to the plaintiff's motion for an order of reference. The Supreme Court granted the motion, and Lawson appeals.

CPLR 2001 permits a court, at any stage of an action, to disregard a party's mistake, omission, defect, or irregularity if a substantial right of a party is not prejudiced (*see Matter of Tagliaferri v Weiler*, 1 NY3d 605, 606 [2004]; *Avalon Gardens Rehabilitation & Health Care Ctr., LLC v Morsello*, 97 AD3d 611, 612 [2012]). " 'Pursuant to CPLR 5019 (a), a trial court has the discretion to correct an order or judgment which contains a mistake, defect, or irregularity not affecting a substantial right of a party' " (*JSO Assoc., Inc. v Price*, 104 AD3d 737, 738 [2013], quoting *Adams v Fellingham*, 52 AD3d 443, 444 [2008]). The provisions in CPLR 2001 and 5019 (a) may only be employed to correct errors where the corrections do not affect a substantial right of the parties (*see Goldberger v Eisner*, 90 AD3d 835, 836 [2011]).

The Supreme Court providently exercised its discretion in granting the plaintiff's motion (*see U.S. Bank N.A. v Eaddy*, 109 AD3d 908, 910 [2013]; *see also Deutsche Bank Natl. Trust Co. v Otano*, 129 AD3d 770, 770-771 [2015]). No substantial right of Lawson will be affected by the court's substitution of the new affidavit of merit and of the amount due (*cf. GMAC Mtge., LLC v Bisceglie*, 109 AD3d 874 [2013]). The new proposed affidavit of merit and of the amount due lists the same amount due and owing as that stated in the original affidavit submitted with the motion for the order of reference. Further, Lawson has remained in possession of the subject property throughout the pendency of the instant action.

Lawson's remaining contentions are either without merit or improperly before this Court. Rivera, J.P., Dickerson, Miller and Maltese, JJ., concur.