# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1306
CA 15-00965
PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND WHALEN, JJ.

---

WELLS FARGO BANK, N.A., PLAINTIFF-APPELLANT,

V                                         MEMORANDUM AND ORDER

MAKOTO WATANABE, PEOPLE OF THE STATE OF NEW YORK,
DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANTS.

---

WOODS OVIATT GILMAN LLP, ROCHESTER (KATERINA M. KRAMARCHYK OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

---

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered August 27, 2013. The order, inter alia, denied that part of the motion of plaintiff seeking to substitute an affidavit of merit and amount due and dismissed the complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the motion to substitute, nunc pro tunc, a newly signed affidavit of merit and amount due in place of the affidavit of merit and amount due that was attached to plaintiff's initial application for an order of reference, and reinstating the complaint, and as modified the order is affirmed without costs.

Memorandum: In this mortgage foreclosure action, plaintiff appeals from an order that denied that part of its motion seeking to substitute an affidavit of merit and amount due, and dismissed the complaint. Plaintiff obtained a judgment of foreclosure and sale on the subject residential property in November 2008. Subsequent to entry of the judgment of foreclosure and sale, but before the subject property was sold, the Chief Administrative Judge issued Administrative Order 548/10 on October 20, 2010, which has since been amended by Administrative Order 431/11 (hereafter, Administrative Order). The Administrative Order requires a plaintiff's attorney in a residential mortgage foreclosure action to file an affirmation indicating that he or she communicated with a representative of the plaintiff, and that the representative informed the attorney that "he/she/they (a) personally reviewed [the] plaintiff's documents and records relating to [the] case for factual accuracy; and (b) confirmed the factual accuracy of the allegations set forth in the [c]omplaint and any supporting affidavits or affirmations filed with the [c]ourt, as well as the accuracy of the notarizations contained in the supporting documents filed therewith." The filing of such attorney

affirmation is mandatory (*see U.S. Bank N.A. v Eaddy*, 109 AD3d 908, 909; *LaSalle Bank, NA v Pace*, 100 AD3d 970, 970-971).  Plaintiff had to replace its prior counsel with a new law firm in December 2011. Plaintiff's new attorneys were advised by plaintiff that it could not "confirm the proper execution and/or notarizations" of the affidavit of merit and amount due that was attached to plaintiff's initial application to Supreme Court for an order of reference.  Plaintiff was able, however, to verify that the amount and allegations set forth were true and accurate, and thus plaintiff's new attorneys moved to substitute, nunc pro tunc, the original affidavit of merit and amount due with a new, substantively identical affidavit of merit and amount due, the execution and notarization of which could be confirmed as accurate by plaintiff as required by the Administrative Order.  We agree with plaintiff that the court erred in denying its motion and in dismissing the complaint sua sponte, and we therefore modify the order accordingly.

     " 'A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal' " (*Deutsche Bank Natl. Trust Co. v Meah*, 120 AD3d 465, 466).  Here, we conclude that "[t]he fact that . . . plaintiff's [new] attorney[s] attempted to comply, in good faith, with an Administrative Order of the Chief Administrative Judge that did not exist at the time that the action was commenced, or at the time [the judgment of foreclosure and sale was granted], does not qualify as such an 'extraordinary circumstance' " that would support a sua sponte dismissal (*id.*).  Indeed, "[n]othing in the Administrative Order[] requires the dismissal of an action merely because the plaintiff's attorney[s] discover[] that there was some irregularity or defect in a prior submission" (*id.*).  Thus, contrary to the court's determination, we conclude that plaintiff is not "effectively required to commence an entirely new action" (*id.*).

     We further conclude that the court erred in denying that part of plaintiff's motion seeking to substitute the affidavit of merit and amount due.  "CPLR 2001 permits a court, at any stage of an action, to disregard a party's mistake, omission, defect, or irregularity if a substantial right of a party is not prejudiced" (*Eaddy*, 109 AD3d at 910; *see Matter of Tagliaferri v Weiler*, 1 NY3d 605, 606).  In addition, "[p]ursuant to CPLR 5019 (a), a trial court has the discretion to correct an order or judgment which contains a mistake, defect, or irregularity not affecting a substantial right of a party" (*Eaddy*, 109 AD3d at 910 [internal quotation marks omitted]; *see Page v Page*, 39 AD3d 1204, 1205).  Here, we conclude that the substitution of the original affidavit of merit and amount due with a new, substantively identical affidavit of merit and amount due was a ministerial amendment permitted by CPLR 2001 and CPLR 5019 (a) inasmuch as the change affected only plaintiff's ability to comply with the Administrative Order, and "[t]he attorney affirmation is not itself substantive evidence" (*LaSalle*, 100 AD3d at 971; *see generally Eaddy*, 109 AD3d at 910).  We further conclude that "[n]o substantial right of [defendant Makoto Watanabe would] be affected by the court's substitution" (*Eaddy*, 109 AD3d at 910).  Indeed, that defendant did not reside in the subject property when plaintiff commenced the

mortgage foreclosure action and the property was vacant at that time, and he never joined this action nor made any effort to contest the foreclosure.

Entered:  February 11, 2016                    Frances E. Cafarell
                                               Clerk of the Court