■ HSBC Bank USA, National Association, as Trustee for Nomura Asset Acceptance Corporation Mortgage Pass-Through Certificates, Series 2006-AF2, Respondent, v Craig

Dalessio et al., Defendants, and Debra Dalessio, Appellant.
[27 NYS3d 192]—

In an action to foreclose a mortgage, the defendant Debra Dalessio appeals from an order of the Supreme Court, Suffolk County (Farneti, J.), dated January 13, 2014, which granted the plaintiff's motion pursuant to CPLR 2001 and 5019 (a) to substitute, nunc pro tunc, two affidavits of merit and of the amounts due in place of the affidavits of merit and of the amounts due that were attached to the plaintiff's motion for an order of reference and motion for a judgment of foreclosure and sale, and thereupon to validate an order of reference dated November 17, 2010, and a judgment of foreclosure and sale also dated November 17, 2010, and to amend, nunc pro tunc, the caption and complaint, and denied her cross motion, inter alia, pursuant to CPLR 5015 (a) (1), (3) and (4) to vacate the judgment of foreclosure and sale entered upon her failure to appear or answer the complaint, and thereupon to dismiss the complaint.

Ordered that the order dated January 13, 2014 is affirmed, with costs.

The plaintiff bank commenced this action to foreclose a mortgage entered into by the defendant Debra Dalessio (hereinafter Dalessio) and her then-husband, contending that they stopped making the requisite monthly mortgage payments. On November 17, 2010, upon the failure of the defendants, including Dalessio, to appear or answer the complaint, and upon the unopposed motion of the plaintiff, the Supreme Court issued a default judgment of foreclosure and sale. At the bottom of the judgment of foreclosure and sale, in handwriting, the Supreme Court directed that the "plaintiff's counsel shall comply with Administrative Order No. 548/2010 at least five business days prior to the foreclosure sale directed herein." Administrative Order AO/548/10 of the Chief Administrative Judge of the Courts, which was subsequently replaced by Administrative Order AO/431/11, "requires the plaintiff's counsel in a residential mortgage foreclosure action to file with the court an affirmation confirming the accuracy of the plaintiff's pleadings" (*Emigrant Sav. Bank-Brooklyn/Queens v Makinano*, 126 AD3d 934, 935 [2015]; *see Wells Fargo Bank, NA v Ambrosov*, 120 AD3d 1225, 1226 [2014]). In the instant case, the plaintiff's counsel was advised by the plaintiff that it

could not confirm the accuracy with regard to the execution and notarization of the affidavits of merit and of the amounts due that had been previously submitted to the court in support of the plaintiff's motion for an order of reference and motion for a judgment of foreclosure and sale.

The plaintiff then moved pursuant to CPLR 2001 and 5019 (a) to substitute, nunc pro tunc, newly signed affidavits of merit and of the amounts due in place of the affidavits of merit and of the amounts due that had been attached to the plaintiff's motion for an order of reference and motion for a judgment of foreclosure and sale. In the same motion, the plaintiff sought to amend the complaint to replace the "laws of the State of New York," with the "laws of the State of Virginia," as its place of incorporation, and to amend the caption to reflect the correct spelling of the plaintiff's name, as reflected in a corrective assignment of mortgage dated March 7, 2013.

"CPLR 2001 permits a court, at any stage of an action, to disregard a party's mistake, omission, defect, or irregularity if a substantial right of a party is not prejudiced" (*U.S. Bank N.A. v Eaddy*, 109 AD3d 908, 910 [2013]; *see Deutsche Bank Natl. Trust Co. v Lawson*, 134 AD3d 760 [2015]), and CPLR 5019 (a) gives trial and appellate courts the discretion to cure mistakes, defects, and irregularities that do not affect substantial rights of parties (*see U.S. Bank N.A. v Eaddy*, 109 AD3d at 910). "The provisions in CPLR 2001 and 5019 (a) may only be employed to correct errors where the corrections do not affect a substantial right of the parties" (*U.S. Bank N.A. v Eaddy*, 109 AD3d at 910; *see Deutsche Bank Natl. Trust Co. v Lawson*, 134 AD3d 760 [2015]; *Goldberger v Eisner*, 90 AD3d 835, 836 [2011]).

The Supreme Court providently exercised its discretion in granting the plaintiff's motion in its entirety (*see Deutsche Bank Natl. Trust Co. v Lawson*, 134 AD3d 760 [2015]; *U.S. Bank N.A. v Eaddy*, 109 AD3d at 910). Under the circumstances of this case, no substantial right of Dalessio will be affected by the court's substitution of the new affidavits of merit and of the amounts due (*see Deutsche Bank Natl. Trust Co. v Lawson*, 134 AD3d 760 [2015]; *U.S. Bank N.A. v Eaddy*, 109 AD3d at 910). Nor has Dalessio suggested any prejudice she would suffer by the court permitting the correction of the name of the plaintiff in the caption, and of the state of incorporation indicated in the complaint.

The court also providently exercised its discretion in denying Dalessio's cross motion to vacate the default judgment of foreclosure and thereupon to dismiss the complaint. Where, as

here, a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015 (a) (4), and seeks a discretionary vacatur pursuant to CPLR 5015 (a) (1), "a court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015 (a) (1)" (*Wells Fargo Bank, NA v Besemer*, 131 AD3d 1047, 1047 [2015]; *see Emigrant Mtge. Co., Inc. v Westervelt*, 105 AD3d 896, 897 [2013]; *Roberts v Anka*, 45 AD3d 752, 753 [2007]). Dalessio's jurisdictional objection is without merit.

Here, a process server's affidavit of service established, prima facie, that Dalessio was served with the summons and complaint pursuant to CPLR 308 (4) by the "affix and mail" method (*see Wells Fargo Bank, NA v Besemer*, 131 AD3d at 1048; *HSBC Bank USA v Desrouilleres*, 128 AD3d 1013, 1014 [2015]; *JP Morgan Chase Bank, N.A. v Baldi*, 128 AD3d 777, 777-778 [2015]). Dalessio's conclusory and unsubstantiated denial of service was insufficient to rebut the presumption of proper service established by the affidavit of service (*see HSBC Bank USA v Desrouilleres*, 128 AD3d at 1014; *U.S. Bank N.A. v Hasan*, 126 AD3d 683, 684 [2015]; *Bank of N.Y. v Samuels*, 107 AD3d 653, 653-654 [2013]; *Deutsche Bank Natl. Trust Co. v Pietranico*, 102 AD3d 724, 725 [2013]). With regard to Dalessio's argument that the court lacked jurisdiction because the plaintiff lacked standing, "an alleged lack of standing is not a jurisdictional defect" (*JP Morgan Mtge. Acquisition Corp. v Hayles*, 113 AD3d 821, 823 [2014]). Accordingly, the Supreme Court properly denied that branch of Dalessio's cross motion which was to vacate her default pursuant to CPLR 5015 (a) (4).

Dalessio's contention that the complaint should have been dismissed based upon alleged fraud committed by the plaintiff is without merit (*see U.S. Bank, N.A. v Peters*, 127 AD3d 742, 742-743 [2015]; *Bank of N.Y. v Lagakos*, 27 AD3d 678, 679 [2006]). Accordingly, the Supreme Court properly denied that branch of the cross motion which was to vacate her default pursuant to CPLR 5015 (a) (3).

As to that branch of Dalessio's cross motion which was pursuant to CPLR 5015 (a) (1) to vacate the judgment of foreclosure and sale, she failed to provide "supporting facts in evidentiary form" sufficient to justify her failure to appear or answer the complaint (*J & J Alarcon Realty Corp. v Plantains Rest., Inc.*, 123 AD3d 886, 887 [2014] [internal quotation marks omitted]; *see Brehm v Patton*, 55 AD3d 1362, 1363 [2008]; *Incorporated Vil. of Hempstead v Jablonsky*, 283 AD2d 553, 554 [2001]). Since Dalessio failed to establish a reasonable excuse, it is un-

necessary to consider whether she had a potentially meritorious defense to the action (*see U.S. Bank N.A. v Alba*, 130 AD3d 715, 716 [2015]; *EMC Mtge. Corp. v Lamb*, 126 AD3d 669, 669 [2015]; *Wells Fargo Bank, N.A. v Hampton*, 119 AD3d 856 [2014]; *Wells Fargo Bank v Malave*, 107 AD3d 880, 881 [2013]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.