*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 7, 2016                    521545
_____

WELLS FARGO BANK, N.A.,
                    Appellant,
          v                              MEMORANDUM AND ORDER

LEVI PABON,
                    Defendant.
_____

Calendar Date:  February 16, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____

          Hogan Lovells US LLP, New York City (David Dunn of counsel), for appellant.

_____

Egan Jr., J.

          Appeal from an order of the Supreme Court (Gilpatric, J.), entered June 2, 2014 in Ulster County, which, among other things, sua sponte dismissed the complaint.

          On or about May 25, 2006, defendant granted plaintiff a mortgage interest in certain real property located in the Village of Ellenville, Ulster County, as security for a loan in the principal amount of $128,000.  Defendant defaulted within the first year, prompting plaintiff to commence this foreclosure action in November 2007.  Following joinder of issue, plaintiff moved for summary judgment and for an order of reference.  In support of that motion, plaintiff tendered an affidavit of merit and amount due from its then vice-president of loan documentation (hereinafter the 2007 affidavit).  Defendant did not oppose plaintiff's motion and, in June 2008, Supreme Court (Zwack, J.) awarded plaintiff summary judgment and appointed a referee.  In October 2008, Supreme Court, among other things, confirmed the

referee's report, granted plaintiff a judgment of foreclosure and sale and awarded plaintiff $2,000 in counsel fees.[1]  Although plaintiff assigned the mortgage to a third party in April 2009, plaintiff continued to service the loan.

In March 2011, the Chief Administrative Judge of the Courts issued Administrative Order 431/11 (retroactively effective November 18, 2010), which imposed certain requirements upon a plaintiff's attorney in a residential mortgage foreclosure action (see U.S. Bank N.A. v Polanco, 126 AD3d 883, 884-885 [2015]; see generally U.S. Bank N.A. v Eaddy, 109 AD3d 908, 909 [2013]). Specifically, the order required that counsel for the plaintiff affirm that one of the plaintiff's representatives had personally reviewed the plaintiff's records for factual accuracy and "confirmed the factual accuracy of the allegations set forth in the [c]omplaint and any supporting affidavits or affirmations filed with the [c]ourt, as well as the accuracy of the notarizations contained in the supporting documents filed therewith."[2]  The order incorporated two form affidavits for this purpose – one to be filed by the plaintiff's counsel and the other to be filed by the plaintiff's representative.[3]

In an effort to comply with this order, plaintiff's counsel – in March 2014 – obtained an affidavit of merit and amounts due and owing from Linda Duncan, plaintiff's then vice-president of

---

[1]  The record is silent as to whether the referee subsequently set a date for the sale of the property.

[2]  Although the administrative order also set forth the various time periods within which counsel's affidavit must be filed, the timeliness of counsel's affidavit in this action is not at issue.

[3]  With respect to residential mortgage foreclosure actions commenced on or after August 30, 2013, Administrative Order 208/13 now applies, which requires a plaintiff's counsel to either comply with the requirements of Administrative Order 431/11 or file a certificate of merit in the form required by CPLR 3012-b.

loan documentation. Following a review of plaintiff's records, Duncan confirmed the accuracy of the principal amount due, the interest rate and the interest accrual date as set forth in the summons and complaint and the 2007 affidavit and averred that defendant indeed was in default.[4] Due to the length of time that had elapsed, however, Duncan was unable to confirm that the 2007 affidavit had been executed with the required formalities. Accordingly, plaintiff moved pursuant to CPLR 2001 and 5019 (a) seeking, among other things, to substitute — nunc pro tunc — a new affidavit of merit and amounts due and owing for the 2007 affidavit and to amend the caption to reflect that the mortgage had been assigned. Supreme Court (Gilpatric, J.), concluding that plaintiff had committed fraud and perjury in submitting the 2007 affidavit, denied plaintiff's motion. Supreme Court also, sua sponte, vacated the judgment of foreclosure and sale and the order of reference, dismissed the foreclosure action in its entirety and vacated the prior award of counsel fees. This appeal by plaintiff ensued.[5]

Although a court is permitted to relieve a party from an order or judgment "upon such terms as may be just," such relief must be sought "on motion of an[] interested person with such notice as the court may direct" (CPLR 5015 [a]). Similarly, while a court indeed is vested with the discretion to cure "any mistake, defect or irregularity in the papers or procedures in [an] action not affecting a substantial right of a party" (CPLR 5019 [a]), "a trial court has no revisory or appellate jurisdiction, sua sponte, to vacate its own order or judgment" (Carter v Johnson, 110 AD3d 656, 658 [2013] [internal quotation marks and citations omitted]; see HSBC Bank USA, N.A. v Simmons,

_____

[4] The only difference in the amount due and owing was that Duncan's 2014 affidavit omitted plaintiff's claim for the $19.68 in late charges initially assessed against defendant.

[5] To the extent that plaintiff could not appeal Supreme Court's order as of right (see CPLR 5701 [a] [2]), we will treat plaintiff's notice of appeal as an application for leave to appeal, which we now grant (see CPLR 5701 [c]; HSBC Bank USA, N.A. v Simmons, 125 AD3d 930, 931 [2015]).

125 AD3d 930, 931 [2015]). Here, defendant did not make a motion on notice seeking relief from either the judgment of foreclosure and sale or the order of reference (see Armstrong Trading, Ltd. v MBM Enters., 29 AD3d 835, 836 [2006]). As a result, plaintiff — having been afforded no notice in this regard — was entirely unaware that, in attempting to comply with the requirements of Administrative Order 431/11, it was facing vacatur of the prior judgment of foreclosure and sale and the order of reference, as well as dismissal of the foreclosure action itself.

"A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (Onewest Bank, FSB v Prince, 130 AD3d 700, 701 [2015] [internal quotation marks and citation omitted]; accord Deutsche Bank Natl. Trust Co. v Martin, 134 AD3d 665, 665 [2015]; HSBC Bank USA, N.A. v Forde, 124 AD3d 840, 841 [2015]). To our analysis, the record does not support a finding that the 2007 affidavit of merit was "perjured," nor does the record otherwise "show fraud in the very means by which the judgment [of foreclosure and sale and order of reference were] procured" (Rossrock Fund II, L.P. v Norlin Corp., 128 AD3d 1046, 1047 [2015] [internal quotation marks and citations omitted]). Rather, the record reflects only that counsel made a good-faith attempt to comply with the terms of an administrative order that was not in effect at the time that the underlying judgment of foreclosure and sale and the order of reference were rendered. Such conduct "does not qualify as . . . an extraordinary circumstance" warranting dismissal of the underlying complaint (Deutsche Bank Natl. Trust Co. v Meah, 120 AD3d 465, 466 [2014] [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Watanabe, 136 AD3d 1413, 1414 [2016]). Notably, "[n]othing in the Administrative Order[] requires the dismissal of an action merely because the plaintiff's attorney discovers that there was some irregularity or defect in a prior submission, nor is the plaintiff effectively required to commence an entirely new action" (Deutsche Bank Natl. Trust Co. v Meah, 120 AD3d at 466; see Wells Fargo Bank, N.A. v Watanabe, 136 AD3d at 1414). Under these circumstances, Supreme Court should not have denied plaintiff's motion to substitute — nunc pro tunc — a new affidavit of merit and amounts due and owing, vacated the prior judgment of foreclosure and sale, together with the order of

reference, or dismissed the foreclosure action in its entirety (see Deutsche Bank Natl. Trust Co. v Lawson, 134 AD3d 760, 760 [2015]; Deutsche Bank Natl. Trust Co. v Meah, 120 AD3d at 466; see also Deutsche Bank Natl. Trust Co. v Otano, 129 AD3d 770, 770-771 [2015]).[6]

McCarthy, J.P., Lynch, Devine and Clark, JJ., concur.


ORDERED that the order is reversed, on the law, without costs, plaintiff's motion granted and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court

_____

[6]   The mortgage is not included in the record on appeal and, hence, we are unable to ascertain whether — as plaintiff contends — it was contractually entitled to counsel fees.  Assuming that plaintiff is correct on this point, we also would discern no basis upon which to vacate the prior award of counsel fees.