LaSalle Bank N.A. v Lopez (2019 NY Slip Op 00104)





LaSalle Bank N.A. v Lopez


2019 NY Slip Op 00104


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
JEFFREY A. COHEN, JJ.


2016-05686
2016-05688
2016-05691
 (Index No. 21014/07)

[*1]LaSalle Bank National Association, etc., appellant,
v
Alcides Lopez, et al., respondents, et al., defendants.


Gross Polowy LLC (Reed Smith LLP, New York, NY [Andrew B. Messite and Joseph B. Teig], of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from two orders of the Supreme Court, Queens County (Valerie Brathwaite Nelson, J.), dated December 6, 2011, and March 20, 2015, respectively, and an order of the same court (Ulysses B. Leverett, J.), dated March 15, 2016. The order dated December 6, 2011, insofar as appealed from, sua sponte, directed dismissal of the complaint and cancelled a notice of pendency filed against the subject real property. The order dated March 20, 2015, insofar as appealed from, sua sponte, recalled and vacated an order of that court dated February 11, 2015, which, inter alia, granted that branch of the plaintiff's motion which was to vacate an order of reference and a judgment of foreclosure and sale previously entered in the action, and thereupon denied that branch of the plaintiff's motion. The order dated March 15, 2016, insofar as appealed from, denied the plaintiff's motion to vacate so much of the order dated December 6, 2011, as, sua sponte, directed dismissal of the complaint and cancellation of a notice of pendency filed against the subject real property, to vacate the order dated March 20, 2015, and, in effect, to reinstate the order dated February 11, 2015.
ORDERED that the appeals from the orders dated December 6, 2011, and March 20, 2015, are dismissed, without costs or disbursements, as no appeal lies as of right from an order that does not decide a motion made on notice (see CPLR 5701[a][2]), and we decline to grant leave to appeal, as the appeals from those orders are academic in light of our determination of the appeal from the order dated March 15, 2016; and it is further,
ORDERED that the order dated March 15, 2016, is reversed insofar as appealed from, on the law, without costs or disbursements, the plaintiff's motion to vacate so much of the order dated December 6, 2011, as, sua sponte, directed dismissal of the complaint and cancelled a notice of pendency filed against the subject real property, to vacate the order dated March 20, 2015, and, in effect, to reinstate the order dated February 11, 2015, is granted, so much of the order dated December 6, 2011, as, sua sponte, directed dismissal of the complaint and cancellation of a notice of pendency filed against the subject real property is vacated, the order dated March 20, 2015, is vacated, and the order dated February 11, 2015, is reinstated.
The plaintiff commenced this action to foreclose a mortgage given by the defendant Alcides Lopez (hereinafter the defendant). The defendant did not timely appear in the action, [*2]interpose an answer, or otherwise move with respect to the complaint. On April 30, 2008, the Supreme Court signed an order of reference pursuant to RPAPL 1321. That order was based, in part, on an affidavit of merit submitted by the plaintiff that had been executed by China Brown, vice president of loan documentation of Wells Fargo Bank, N.A. (hereinafter Wells Fargo), the servicer of the loan, and had been sworn to on October 26, 2007 (hereinafter the Brown affidavit). On June 19, 2009, the court issued a judgment of foreclosure and sale.
Prior to the foreclosure sale, the plaintiff moved pursuant to CPLR 2001 and 5019(a) to substitute, nunc pro tunc, a new affidavit of merit for the Brown affidavit. In an affirmation in support of the motion, the plaintiff's counsel stated that the plaintiff had been unable to confirm the accuracy of the execution and notarization of the Brown affidavit, as required by Administrative Orders 548/10 and 431/11 of the Chief Administrative Judge. However, the plaintiff's counsel stated that the plaintiff had been able to verify "that the amounts set forth and the claims set forth [in the Brown affidavit were] true and accurate." The plaintiff submitted with its motion a newly signed affidavit of merit executed by Timonthy D. Caton, vice president of loan documentation of Wells Fargo, sworn to May 31, 2011. In an order dated December 6, 2011, the Supreme Court denied the motion and, sua sponte, directed dismissal of the complaint and cancellation of the notice of pendency, determining that the affirmation of the plaintiff's counsel "clearly suggests to the Court that the [Brown] affidavit contains inaccurate representations and/or possibly false signatures," and that to grant the motion "would result in the Court sanctioning the plaintiff's misleading conduct."
Following a substitution of counsel, the plaintiff moved, inter alia, to vacate the order of reference and the judgment of foreclosure and sale, to schedule a settlement conference pursuant to CPLR 3408, and for a new order of reference. In support of its motion, the plaintiff submitted a newly signed affidavit of merit executed by Linda Duncan, vice president of loan documentation of Wells Fargo. By order dated February 11, 2015, the Supreme Court granted those branches of the plaintiff's motion which were to vacate the order of reference and the judgment of foreclosure sale and to schedule a foreclosure settlement conference, and denied that branch of its motion which was for a new order of reference, with leave to renew upon completion of the foreclosure settlement conference process. By order dated March 20, 2015, the court, on its own motion, recalled and vacated the order dated February 11, 2015, and thereupon denied that branch of the plaintiff's motion which was to vacate the order of reference and the judgment of foreclosure and sale as "moot," since the order dated December 6, 2011, had directed dismissal of the complaint.
The plaintiff subsequently moved to vacate so much of the order dated December 6, 2011, as, sua sponte, directed dismissal of the complaint and cancellation of the notice of pendency, to vacate the order dated March 20, 2015, and, in effect, to reinstate the order dated February 11, 2015. In an order dated March 15, 2016, the Supreme Court denied the motion.
"A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (U.S. Bank, N.A. v Emmanuel, 83 AD3d 1047, 1048; see Downey Sav. & Loan Assn., F.A. v Trujillo, 142 AD3d 1040, 1042; U.S. Bank N.A. v Polanco, 126 AD3d 883, 885; HSBC Bank USA, N.A. v Forde, 124 AD3d 840, 841; Deutsche Bank Natl. Trust Co. v Meah, 120 AD3d 465, 466).
Administrative Order 548/10, issued by the Chief Administrative Judge on October 20, 2010, and amended by Administrative Order 431-11 (see Bank of N.Y. Mellon v Izmirligil, 144 AD3d 1063, 1065), was not in effect at the time the order of reference and the judgment of foreclosure and sale were issued (see Wells Fargo Bank, N.A. v Pabon, 138 AD3d 1217; HSBC Bank USA, N.A. v Forde, 124 AD3d at 841; Deutsche Bank Natl. Trust Co. v Meah, 120 AD3d at 466). In this case, no substantial right of the defendant would have been affected by the substitution of a new affidavit of merit (see HSBC Bank USA, N.A. v Dalessio, 137 AD3d 860; U.S. Bank N.A. v Eaddy, 109 AD3d 908; CPLR 2001, 5019[a]). Accordingly, the Supreme Court was not presented with any extraordinary circumstances warranting sua sponte dismissal of the complaint (see Wells Fargo Bank, N.A. v Pabon, 138 AD3d at 1219; HSBC Bank USA, N.A. v Forde, 124 AD3d at 841; Deutsche Bank Natl. Trust Co. v Meah, 120 AD3d at 466). Having demonstrated that it was error to direct dismissal of the complaint, the plaintiff, by extension, established that the basis underlying [*3]the denial of its motion, inter alia, to vacate the order of reference and the judgment of foreclosure and sale, was no longer supportable.
Accordingly, the Supreme Court should have granted the plaintiff's motion to vacate so much of the order dated December 6, 2011, as, sua sponte, directed dismissal of the complaint and cancellation of a notice of pendency filed against the subject real property, to vacate the order dated March 20, 2015, and, in effect, to reinstate the order dated February 11, 2015.
LEVENTHAL, J.P., CHAMBERS, AUSTIN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court