Onewest Bank, FSB v McKay (2019 NY Slip Op 03607)





Onewest Bank, FSB v McKay


2019 NY Slip Op 03607


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-05267
 (Index No. 30557/09)

[*1]Onewest Bank, FSB, appellant,
v
Michael McKay, etc., respondent, et al., defendants.


Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas and Alexandria Kaminski of counsel), for appellant.
Berg & David PLLC, Brooklyn, NY (Stefanie Murphy-Boykins, Abraham David, and David Berg of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated February 16, 2017. The order denied the plaintiff's motion to vacate an order of the same court dated February 20, 2014, inter alia, conditionally dismissing the action pursuant to CPLR 3216.
ORDERED that the order is affirmed, with costs.
This action to foreclose a mortgage given by the defendant Michael McKay (hereinafter the defendant) to secure a loan against real property in Brooklyn was commenced in December 2009. The plaintiff's motion for an order of reference was denied without prejudice in an order dated May 8, 2012. Thereafter, in an order dated February 20, 2014, the Supreme Court, inter alia, conditionally dismissed the action pursuant to CPLR 3216 unless the plaintiff filed a note of issue or otherwise proceeded by motion for entry of a judgment within 90 days (hereinafter the conditional order). On May 28, 2015, the plaintiff voluntarily discontinued the action and cancelled the notice of pendency.
In December 2016, the plaintiff moved by order to show cause to vacate the conditional order on the basis that it was improperly made since issue had not been joined in the action and, thus, the requirements of CPLR 3216 were not met. The defendant opposed the motion on the ground that the plaintiff had voluntarily discontinued the action on May 28, 2015, and cancelled the notice of pendency, which rendered its arguments concerning the deficiencies with the conditional order academic. The Supreme Court denied the motion, determining that the issue of the propriety of the conditional order was academic in light of the plaintiff's voluntary discontinuance of the action. The plaintiff appeals.
"As the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case, courts generally may not pass on academic, hypothetical, moot, or otherwise abstract questions" (Berger [*2]v Prospect Park Residence, LLC, 166 AD3d 937, 938; see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713). Thus, courts are ordinarily precluded from considering questions "which, although once live, have become moot by passage of time or change in circumstances" (Matter of Hearst Corp. v Clyne, 50 NY2d at 714). "When a determination would have no practical effect on the parties, the matter is moot and the court generally has no jurisdiction to decide the matter" (Berger v Prospect Park Residence, LLC, 166 AD3d at 938; see Matter of Hearst Corp. v Clyne, 50 NY2d at 714).
Here, by voluntarily discontinuing this action, the plaintiff, in effect, waived any right to challenge the propriety of the conditional order (see Goldberger v Eisner, 90 AD3d 835; see generally Golfo v Kycia Assoc., Inc., 45 AD3d 531, 532-533), and the conditional order became a nullity (see Newman v Newman, 245 AD2d 353, 354; Weldotron Corp. v Arbee Scales, 161 AD2d 708, 709). Thus, the motion to vacate the conditional order would not affect the rights of the parties (see Berger v Prospect Park Residence, LLC, 166 AD3d at 938). Accordingly, we agree with the Supreme Court's determination that the issue of the propriety of the conditional order was academic (see id.), and to deny the motion.
LEVENTHAL, J.P., HINDS-RADIX, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court