Esponda v Ramos-Ciprian (2020 NY Slip Op 00064)





Esponda v Ramos-Ciprian


2020 NY Slip Op 00064


Decided on January 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 7, 2020

Acosta, P.J., Manzanet-Daniels, Kapnick, Oing, JJ.


305186/12 10728A 10728

[*1] Mirta Esponda, Plaintiff-Respondent,
v
Ana Ramos-Ciprian, Defendant, The City of New York, Defendant-Appellant.


James E. Johnson, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for appellant.
The Law Offices of Michael S. Lamonsoff, PLLC, New York (Stacey Haskel of counsel), for respondent.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about April 20, 2018, which granted plaintiff's motion for clarification and thereupon vacated a prior order, entered July 16, 2014, to the extent it had granted the City's motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, the motion denied, and the complaint dismissed as to the City. Appeal from order, same court and Justice, entered on or about April 25, 2018, which denied the City's motion for reargument, unanimously dismissed, without costs, as taken from a nonappealable paper and as academic. The Clerk is directed to enter judgment dismissing the complaint as against the City.
In 2014, plaintiff moved for partial summary judgment against defendant Ana Ramos-Ciprian, the owner of the property abutting the allegedly defective sidewalk where she fell, and the City cross-moved for summary judgment dismissing the complaint as against it. The City agreed with plaintiff that Ramos-Ciprian was responsible for maintaining the sidewalk, and also argued that it could not be liable based on evidence establishing that it did not have prior written notice of the defect, a condition precedent to municipal liability, and did not create the defect. Plaintiff did not oppose the City's motion.
In the order entered July 16, 2014, the motion court granted plaintiff's motion for partial summary judgment against Ramos-Ciprian, and also granted the City's cross motion for summary judgment, finding that its responsibility for sidewalk maintenance was shifted to Ramos-Ciprian. Ramos-Ciprian appealed, and this Court issued an order modifying the July 2014 order to the extent of denying plaintiff's motion for partial summary judgment against Ramos-Ciprian, finding issues of fact as to whether she could rely on the exemption applicable for residential owners (133 AD3d 547 [1st Dept 2015]).
Thereafter, plaintiff moved for "clarification" before the motion court, contending that her claims against the City must be reinstated based on this Court's order. The motion court granted plaintiff's motion, concluding that since the legal reasoning for releasing the City in this case was deemed erroneous, it logically flowed that the grant of the City's cross motion was likewise erroneous. This appeal ensued.
Initially, we note that plaintiff's motion for clarification was in essence a motion to vacate the court's order granting the City's summary judgment motion pursuant to CPLR 5015(a). First, there was no logical inconsistency between the order denying plaintiff's motion against the landowner and the order granting the City's motion for summary judgment. Even if the landowner was not responsible for sidewalk maintenance, the City cannot be held liable unless it [*2]had prior written notice of the alleged sidewalk defect (Yarborough v City of New York, 10 NY3d 726, 728 [2008]; Kales v City of New York, 169 AD3d 585, 585 [1st Dept 2019]). By failing to oppose the City's factual showing of lack of prior written notice, plaintiff is "deemed [to have admitted the facts]" in the moving papers, and, in effect, made "a concession that no question of fact exists" as to the City's lack of liability (Kuehne & Nagel v Baiden, 36 NY2d 539, 544 [1975]; see Madeline D'Anthony Enters., Inc. v Sokolowsky, 101 AD3d 606, 609 [1st Dept 2012]). Moreover, she did not appeal the order which then became final. There was no basis to vacate the final, unappealed order granting the City summary judgment based on a subsequent decision in favor of a different party (see Nash v Port Auth. of N.Y. & N.J., 131 AD3d 164, 166-167 [1st Dept 2015], lv dismissed 26 NY3d 1116 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 7, 2020
CLERK