JPMorgan Chase Bank, N.A.. v Jones (2021 NY Slip Op 02987)





JPMorgan Chase Bank, N.A.. v Jones


2021 NY Slip Op 02987


Decided on May 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 11, 2021

Before: Kern, J.P., González, Scarpulla, Mendez, JJ. 


Index No. 850023/13 Appeal No. 13791 Case No. 2019-4325 

[*1]JPMorgan Chase Bank, National Association, Plaintiff-Respondent,
v
Charles Jones, et al., Defendants-Appellants, Commissioner of Social Services of New York City, et al., Defendants.


Lanin Law, P.C., New York (Scott L. Lanin of counsel), for appellants.
Bonchonsky & Zaino, LLP, Garden City (Peter R. Bonchonsky of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered April 11, 2019, which, inter alia, granted plaintiff's motion for summary judgment on its foreclosure complaint and denied defendant Gena Lovett's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
In support of its motion, plaintiff demonstrated that it had standing because it possessed the note at the time it commenced the action (see JP Morgan Chase Bank, N.A. v Shapiro, 104 AD3d 411, 412 [1st Dept 2013]) and that it had complied with the 90-day notice requirement of RPAPL 1304 (see JPMorgan Chase Bank, N.A. v Skluth, 177 AD3d 592 [2d Dept 2019]).
In opposition, defendant did not oppose plaintiff's showing of standing and compliance with the pre-foreclosure notice requirements, thereby, in effect, conceding the facts and evidence plaintiff submitted (see Esponda v Ramos-Ciprian, 179 AD3d 424, 426 [1st Dept 2020]). The only argument defendant raised in her opposition papers was that plaintiff failed to comply with Administrative Order 431/11, which "requires the plaintiff's counsel in a residential mortgage foreclosure action to file with the court an affirmation confirming the accuracy of the plaintiff's pleadings" (Emigrant Sav. Bank-Brooklyn/Queens v Makinano, 126 AD3d 934, 935 [2d Dept 2015], lv dismissed 25 NY3d 980 [2015]). However, plaintiff did comply with the requirement by filing an attorney affirmation meeting all requirements of the Administrative Order. Plaintiff was not required to submit an additional affirmation to confirm the accuracy of the affidavits submitted in support of its motion for summary judgment (see id.).
As for defendant's motion for summary judgment, we find that it was untimely (see CPLR 3212[a]). In any event, defendant failed to meet her prima facie burden, since she failed to submit any evidence in support of her arguments.
We have considered defendant's remaining arguments and find them unavailing 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2021