Amaranth LLC et al., Appellants, v National Australia Bank Limited et al., Respondents. [835 NYS2d 177]—

Orders, Supreme Court, New York County (Karla Moskowitz, J.), entered, respectively, June 2, 2006 and October 27, 2006, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint, and denied plaintiffs' motion to amend the complaint, unanimously affirmed, with costs.

Plaintiffs are holders of securities issued by defendant National Australia Securities (UK) and convertible to ordinary shares of National Bank of Australia (NBA) stock. They allege that provisions in the agreement pursuant to which the convertible securities were issued protecting them against the dilution of their convertible interests, were triggered, but in breach of the agreement not implemented, when defendant NBA paid its ordinary shareholders a cash dividend and simultaneously offered those shareholders the option of using the dividend proceeds to purchase newly issued NBA stock. The portion of the governing agreement upon which plaintiffs rely, section 406

(1), however, mandates antidilution measures "when [NAB] shall pay or make a dividend . . . *payable in Ordinary Shares*" (emphasis supplied), and here the dividend was payable in cash. Section 406 is in its first subsection and other provisions highly specific in its definition of the circumstances under which antidilution measures are to be employed and cannot be reasonably read to mandate antidilution except under the conditions plainly specified (*see Rodolitz v Neptune Paper Prods.*, 22 NY2d 383 [1968]). Moreover, to construe the section more broadly, to protect plaintiffs' convertible interests from dilution generally, in unenumerated circumstances, would import a significant and commercially undesirable element of uncertainty into the underlying complex transaction (*see Matter of Southeast Banking Corp.*, 93 NY2d 178, 184 [1999]), which plainly was not intended by the issuer. Indeed, the issuer was evidently at pains to detail just which circumstances would require antidilution and did so clearly and unambiguously, leaving no basis for invoking the doctrine of contra proferentem against it (*see Lesal Assoc. v Board of Mgrs. of Downing Ct. Condominium*, 309 AD2d 594, 595 [2003]).

Plaintiffs' motion for leave to amend, made subsequent to the grant of summary judgment dismissing the complaint, was properly denied (*see Buckley & Co. v City of New York*, 121 AD2d 933, 934-935 [1986], *lv dismissed* 69 NY2d 742 [1987]; *and see Seavey v James Kendrick Trucking*, 4 AD3d 119, 119-120 [2004]; *Jeffrey L. Rosenberg & Assoc. v Kadem Capital Mgt.*, 306 AD2d 155, 156 [2003]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Tom, J.P., Williams, McGuire, Malone and Kavanagh, JJ.