■ HSBC Bank USA, Respondent, v Gabriel Philistin, Appellant, et al., Defendants. [952 NYS2d 83]—

The defendant Gabriel Philistin (hereinafter the defendant) failed to assert, in his answer or in a pre-answer motion to dismiss the complaint pursuant to CPLR 3211 (a), the defense that the plaintiff lacked standing at the time it commenced the action (*see* CPLR 3211 [a] [3]; *Bank of N.Y. v Silverberg*, 86 AD3d 274, 279-280 [2011]). Subsequently, the plaintiff moved for summary judgment on the complaint. The defendant did not oppose the motion, and the Supreme Court granted it by order entered August 24, 2010. More than seven months later, the defendant moved to dismiss the complaint on the ground that the plaintiff lacked standing or for leave to amend his answer to assert the defense of lack of standing. The Supreme Court denied the defendant's motion, and the defendant appeals. We affirm.

A motion for leave to amend a pleading should be freely granted in the absence of prejudice or surprise resulting directly from the delay, unless the amendment would be palpably insufficient or patently devoid of merit (*see* CPLR 3025 [b]; *Lucido v Mancuso*, 49 AD3d 220, 229 [2008]). Here, the defendant had not moved before serving his answer to dismiss the complaint on the ground of lack of standing, and he did not raise the defense of lack of standing in his answer. By not raising the defense at that time, he failed to put the plaintiff on notice of the defense at a time the plaintiff could have cured any defect by promptly recommencing the action. The defendant's delay in asserting the defense continued for an extended period of time. Indeed, he failed to oppose the plaintiff's motion for summary judgment on the complaint, and he waited more than seven additional months after the motion for summary judgment had been granted before moving for leave to amend his answer to assert the defense of lack of standing (*see Amaranth LLC v National Australia Bank Ltd.*, 40 AD3d 279, 280 [2007]; *JP*

*Foodservice Distribs., Inc. v PricewaterhouseCoopers LLP*, 33 AD3d 316, 317 [2006]; *see generally* Siegel, NY Prac § 237 at 411 [5th ed]). Under these circumstances, the Supreme Court did not improvidently exercise its discretion in denying that branch of the defendant's belated motion which was for leave to amend the answer (*see Amaranth LLC v National Australia Bank Ltd.*, 40 AD3d at 280). For the same reasons, the Supreme Court properly denied that branch of the defendant's motion which was to dismiss the complaint for lack of standing. Balkin, J.P., Hall, Lott and Cohen, JJ., concur.