OPINION OF THE COURT
Francesca E. Connolly, J.
The plaintiff moves to amend the caption to include the State of New York as a defendant, and for leave to amend the complaint adding a cause of action seeking to reform the mortgage.
Factual and Procedural History
The salient procedural history of this foreclosure action is as follows: In November 2000, the defendant SSSR, Inc., doing business as Pride Cleaners, obtained a United States Small Business Administration loan in the amount of $225,000. The named lender in the loan documents is “Business Loan Center, Inc.” The loan was secured by a mortgage on certain real property located in Yonkers. The note and mortgage are each signed by Julio Soto, clearly and unambiguously in his capacity as president of SSSR. Soto signed a separate “Unconditional Guarantee” of the loan in his individual capacity. The loan was also separately guaranteed by the defendants Siguiendo Corp., Cleen Cleener Corp., and RJBS of New York, Inc.
The plaintiff, as trustee for the assignees of the note, mortgage and guarantees, commenced this foreclosure action on or about October 5, 2011. The first cause of action in the original verified complaint is asserted against SSSR and seeks to foreclose on the subject premises to recover the outstanding debt. The second cause of action seeks to recover the debt and/or any deficiency resulting from the foreclosure sale against Soto under the personal guarantee. The remaining causes of action are asserted against the other guarantors. The complaint also named the State of New York as a potential lienholder on the subject property, although the State was not listed as a defendant in the caption.
It appears that none of the defendants have appeared, with the exception of the State of New York, which filed a notice of appearance.
*865 In or about January 2012, the plaintiff moved for an order granting it a default judgment and appointing a referee to compute. On March 20, 2012, this court (Talbert, J.) granted the plaintiffs motion in its entirety, which included granting a default judgment against, among others, SSSR and Soto, and appointing a referee to compute.
Now, the plaintiff moves (1) to amend the caption to include the State of New York as a defendant, and (2) for leave to amend the verified complaint adding a cause of action seeking to reform the mortgage to read that Soto — not SSSR — is the mortgagor of the subject property. In an affirmation, the plaintiffs attorney states that the State of New York was a named defendant in the complaint, and that it appeared in the action; however, the State was erroneously omitted from the caption. Additionally, the plaintiffs attorney affirms that, despite the fact that SSSR is the stated mortgagor on the mortgage instrument, “[t]he true and correct mortgagor and fee simple owner of the mortgaged premises being foreclosed upon herein [is] not defendant SSSR, Inc. and instead is Defendant Julio Soto.” The plaintiffs attorney further asserts: “Based upon the foregoing, complete relief cannot be granted to the plaintiff unless and until the Mortgage is reformed and corrected to remove SSSR, Inc. as mortgagor thereunder, and include Julio Soto as the true and correct mortgagor and titled owner of the mortgaged premises being foreclosed upon herein.”
A proposed supplemental summons and amended verified complaint adds a new cause of action for reformation of the mortgage which states in relevant part:
“By mistake, due to error and/or omission, although the Deed vested title in Soto, the recorded Mortgage was incorrectly made by SSSR to plaintiffs predecessor, thus naming SSSR the mortgagor under the Mortgage, and not Soto who, at all relevant times, has been and remains the true and correct fee simple title owner of the Mortgaged Premises.”
It further alleges, “Based on the foregoing, the Plaintiffs mortgage may by [sic] unable to benefit from the recording statute and may suffer infirmity as a result.”
No party has appeared in opposition to the instant motion.
Discussion/Analysis
The first request for relief is granted as the State of New York was a named defendant and appeared in this action, and *866 amending the caption to include it as a defendant corrects a mere irregularity.
However, the plaintiffs second request, which seeks to add a cause of action to reform the mortgage, is more problematic given the procedural posture of this case. Upon careful consideration, this court denies the plaintiffs request to do so at this time.
“Applications for leave to amend pleadings should be freely granted except when the delay in seeking leave to amend would directly cause undue prejudice or surprise to the opposing party, or when the proposed amendment is palpably insufficient or patently devoid of merit” (Gomez v State of New York, 106 AD3d 870, 871 [2d Dept 2013]). “The sufficiency or underlying merit of the proposed amendment is to be examined no further” (id., citing Lucido v Mancuso, 49 AD3d 220, 221, 227 [2d Dept 2008]). “[W]here the proposed amendment is palpably insufficient as a matter of law or is totally devoid of merit, leave should be denied” (Fandy Corp. v Lung-Fong Chen, 265 AD2d 450, 451 [2d Dept 1999]).
Importantly, the plaintiff has already obtained a default judgment against the defendants under the theory that SSSR was the mortgagor of the property. In the context of a mortgage foreclosure action, a default judgment is the procedural equivalent of a finding of liability. The same procedural result can be obtained by moving for summary judgment or establishing a defendant’s liability at trial (see e.g. 1-2 Bergman on New York Mortgage Foreclosures § 2.01 [1] [describing the liability phase of a foreclosure action as follows: “Order to appoint referee to compute (if default) or motion for summary judgment, or trial, if contested by submission of answer”]).
Thus, the liability phase of this action is over, and the plaintiffs delayed and untimely request for leave to amend the complaint to interpose an entirely new theory of the case must be denied (see Amaranth LLC v National Australia Bank Ltd., 40 AD3d 279, 280 [1st Dept 2007] [“Plaintiffs’ motion for leave to amend, made subsequent to the grant of summary judgment dismissing the complaint, was properly denied”]; see also HSBC Bank USA v Philistin, 99 AD3d 667 [2d Dept 2012]).
Moreover, given that a default judgment has been entered under the theory that SSSR is the true mortgagor, the proposed amendment, which alleges otherwise, is per se palpably without merit. Unless the plaintiff takes steps to correct or vacate that erroneous default judgment, this court cannot grant leave to *867 amend the complaint because to do so could lead to conflicting and inconsistent liability findings in the same action. While no party has appeared in opposition to this motion, and, therefore, no party has claimed that the proposed amendment would create prejudice, the proposed amendment is inherently prejudicial given the procedural posture of this action.
Further, while “a plaintiff seeking leave to amend the complaint is not required to establish the merit of the proposed amendment in the first instance” (see Lucido v Mancuso, 49 AD3d 220, 227 [2d Dept 2008]), this court is compelled to take note of the fact that the proposed amended complaint does not even allege a mutual mistake by the parties or, alternatively, a unilateral mistake coupled by fraud (see Chimart Assoc. v Paul, 66 NY2d 570 [1986] [discussing the grounds upon which a writing may be reformed]). Given the late stage of this action, the court is wary of permitting the plaintiff to twist the facts by seeking to rewrite the loan documents to obtain a more favorable result.
This court has “broad discretion in determining whether to grant leave” to amend a pleading (see Belus v Southside Hosp., 106 AD3d 765, 766 [2d Dept 2013]). Under the present posture of this case, this court finds that leave to amend should not be granted.
Based upon the foregoing, it is hereby ordered that the branch of the plaintiffs motion which is for leave to amend the caption to add the State of New York as a defendant is granted, and the caption shall now read:
-----------------------------------------------------------------------------x
HSBC Bank, USA, as Indenture Trustee under That Certain Indenture Dated August 1, 2001, as the Same May be Amended from Time to Time, for the Benefit of the SBA and the Holders of Business Loan Express SBA Loan-Backed Notes,
Series 2001-2, Class A, Class M and Class B, as Their Interests May Appear, Subject to the Multi-Party Agreement, Dated August 1, 2001,
Plaintiff, Index No. 15203/2011
-against-
SSSR, Inc. d/b/a Pride Cleaners, Julio Soto, Siguiendo Corp., Cleen Cleener Corp., RJBS of New York, Inc.,
Casa de Café, Inc., and the State of New York,
Defendants.
•x
*868 ; and it is further ordered that the branch of the plaintiffs motion which is for leave to amend the complaint to add a cause of action for reformation of the mortgage is denied; and it is further ordered that all other relief requested and not decided herein is denied.