■ Diana Dixon, Respondent, v Edwin M. Chang, M.D., et al., Defendants, and Paul Kelleher, M.D., Appellant. [27 NYS3d 239]—

In an action to recover damages for medical malpractice and lack of informed consent, the defendant Paul Kelleher appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated November 3, 2008, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is modified, on the facts and in the exercise of discretion, by adding a provision thereto granting the defendant Paul Kelleher leave to amend his answer to add

the affirmative defense of discharge in bankruptcy; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

This medical malpractice action arises, in part, from treatment allegedly rendered to the plaintiff on June 10, 2005 while she was a patient at St. Vincent's Hospital (hereinafter the hospital) in Staten Island. Approximately one month after the plaintiff was treated, the hospital filed a petition for Chapter 11 bankruptcy, and the United States Bankruptcy Court directed all potential creditors whose claims arose prior to July 5, 2005 to file a proof of claim on or before March 30, 2006 (hereinafter the bar date). The hospital published notice of the bar date in several widely distributed area newspapers. Although the plaintiff failed to file a timely proof of claim for her medical malpractice and lack of informed consent claims, she commenced this action in November 2007 against various defendants, including the hospital and physician Paul Kelleher.

Kelleher did not file a pre-answer motion to dismiss the complaint, and he did not assert in his answer an affirmative defense that the causes of action against him were barred by the discharge in bankruptcy. The hospital moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiff failed to file a timely proof of claim in the bankruptcy proceeding. Kelleher separately moved for summary judgment dismissing the complaint insofar as asserted against him on the same ground. He argued that, as an employee of the hospital, he was a "covered person" under the hospital's bankruptcy plan, and, therefore, he was entitled to summary judgment on the ground that the plaintiff failed to timely file a proof of claim.

The Supreme Court denied the separate motions of the hospital and Kelleher on the ground that they had waived their discharge in bankruptcy defense pursuant to CPLR 3211 (e) by failing to raise it in an answer or pre-answer motion to dismiss. The Supreme Court did not address either the merits of the defense or whether Kelleher could file a motion to amend his answer to add the defense. Both the hospital and Kelleher appealed from the order. However, the action was subsequently discontinued insofar as asserted against the hospital, and the hospital withdrew its appeal. Thus, Kelleher is the sole appellant.

The Supreme Court properly denied Kelleher's motion for summary judgment dismissing the complaint insofar as asserted against him. Kelleher's submissions failed to eliminate triable issues of fact as to whether he was an employee of the

hospital when he treated the plaintiff, and, thus, whether he is a "covered person" under the hospital's bankruptcy plan.

However, under the circumstances of this case, the Supreme Court should have denied Kelleher's motion with leave to amend his answer to add the affirmative defense of discharge in bankruptcy. Even when a defense is waived under CPLR 3211 (e), "it can nevertheless be interposed in an answer amended by leave of court pursuant to CPLR 3025 (b), as long as the amendment does not cause the other party prejudice or surprise resulting directly from the delay, and is not palpably insufficient or patently devoid of merit" (*Bank of N.Y. Mellon v Aquino*, 131 AD3d 1186, 1187 [2015]; *see* CPLR 3025 [b]; *Onewest, F.S.B. v Goddard*, 131 AD3d 1028, 1029 [2015]; *see also Tirpack v 125 N. 10, LLC*, 130 AD3d 917, 919 [2015]; *Stein v Doukas*, 128 AD3d 803, 804 [2015]; *Lucido v Mancuso*, 49 AD3d 220, 222 [2008]). Under the circumstances of this case, we find that Kelleher's affirmative defense of discharge in bankruptcy is neither patently insufficient nor palpably devoid of merit, and there would be little or no prejudice resulting from any delay in granting leave to amend his answer to add this affirmative defense (*cf. McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.*, 59 NY2d 755, 757 [1983]). Hall, J.P., Sgroi, Cohen and Maltese, JJ., concur.