■ South Point, Inc., Respondent, v Allah R. Rana, Appellant, et al., Defendants. [30 NYS3d 710]—

In an action to foreclose a mortgage, the defendant Allah R. Rana appeals from a judgment of foreclosure and sale of the Supreme Court, Queens County (McDonald, J.), entered September 18, 2014, which, upon an order of the same court dated January 13, 2009, granting the plaintiff's motion, inter alia, for summary judgment on the complaint, and an order of the same court dated March 13, 2014, inter alia, denying his cross motion for leave to serve an amended answer, confirmed a referee's report and directed the sale of the subject property.

Ordered that the judgment is affirmed, with costs.

In this action to foreclose a mortgage, the defendant Allah R. Rana (hereinafter the defendant) did not raise the issue of the plaintiff's standing to commence the action by way of specific

denials in his answer, by raising lack of standing as an affirmative defense, or by making a pre-answer motion to dismiss based on lack of standing. Accordingly, he waived the issue (*see* CPLR 3018 [b]; *HSBC Bank USA, NA v Halls*, 136 AD3d 752, 753 [2016]; *JP Morgan Chase Bank, N.A. v Butler*, 129 AD3d 777, 779 [2015]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 240 [2007]; *cf. Bank of Am., N.A. v Paulsen*, 125 AD3d 909, 910 [2015]; *US Bank N.A. v Faruque*, 120 AD3d 575, 576 [2014]).

The Supreme Court did not improvidently exercise its discretion in denying the defendant's cross motion for leave to serve an amended answer to raise the defense of lack of standing. A motion for leave to amend a pleading should be freely granted in the absence of prejudice or surprise resulting directly from the delay, unless the amendment would be palpably insufficient or patently devoid of merit (*see* CPLR 3025 [b]; *HSBC Bank USA v Philistin*, 99 AD3d 667, 667 [2012]; *Lucido v Mancuso*, 49 AD3d 220, 229 [2008]). Here, the plaintiff's motion for summary judgment was granted in 2009, and the defendant did not seek to raise the issue of lack of standing until almost five years later. Thus, the defendant's delay in seeking to raise the defense that he had waived by failing to raise it in his answer would have resulted in unfair surprise to the plaintiff (*see HSBC Bank USA v Philistin*, 99 AD3d at 668).

The defendant failed to provide a record that is adequate for us to conduct meaningful review of his remaining contentions (*see Cohen v Wallace & Minchenberg*, 39 AD3d 689, 689-690 [2007]). Rivera, J.P., Dillon, Balkin and Sgroi, JJ., concur.