■ U.S. Bank National Association, Respondent, v Amanda Lomuto, as Administrator of the Estate of Robert S. Wilson, Also Known as Robert Wilson, Deceased, Appellant, et al., Defendants. [35 NYS3d 123]—

In an action to foreclose a mortgage, the defendant Amanda Lomuto, as administrator of the estate of Robert S. Wilson, also known as Robert Wilson, appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Rockland County (Garvey, J.), dated November 18, 2013, as granted that

branch of the plaintiff's motion which was pursuant to CPLR 2001 and 5019 (a) to substitute, nunc pro tunc, a newly submitted affidavit of merit in place of an affidavit of merit that was attached to the plaintiff's motion for summary judgment on the complaint and for an order of reference, and denied Robert S. Wilson's cross motion for leave to amend his answer to assert the affirmative defense of lack of standing, and (2) from a judgment of foreclosure and sale of the same court dated June 30, 2014, which, upon the order, is in favor of the plaintiff and against Robert S. Wilson, among other things, directing the sale of the subject premises.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment of foreclosure and sale is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (*see* CPLR 5501 [a] [1]; *Matter of Aho*, 39 NY2d at 248).

Robert S. Wilson executed a note in favor of the plaintiff's predecessor-in-interest promising to repay a loan in the sum of $172,500. The note was secured by a mortgage encumbering certain real property located in Stony Point. In 2009, the plaintiff commenced this action to foreclose the mortgage, alleging that Wilson had defaulted under the terms of the note. Wilson failed to assert, in his answer or in a pre-answer motion to dismiss the complaint, that the plaintiff lacked standing to commence the action. The plaintiff successfully moved for summary judgment on the complaint and for an order of reference, and obtained an order of reference in December 2009.

Thereafter, the plaintiff's counsel was advised by the plaintiff that there existed "irregularities" in an affidavit of merit that had been submitted to the Supreme Court by the plaintiff's former counsel on the motion for summary judgment and an order of reference, and that the plaintiff was unable to confirm the accuracy of the notarization contained in that document as required by Administrative Orders AO/548/10 and AO/431/11 of the Chief Administrative Judge of the Courts. As a result, in 2013, the plaintiff moved, inter alia, to vacate the order awarding it summary judgment and an order of reference, and for is-

suance of a new order awarding it summary judgment and an order of reference upon a newly submitted affidavit of merit. The plaintiff also moved, in the alternative, pursuant to CPLR 2001 and 5019 (a) and this Court's decision in *U.S. Bank N.A. v Eaddy* (109 AD3d 908 [2013]), to substitute, nunc pro tunc, the newly submitted affidavit of merit in place of the affidavit of merit that had been attached to the plaintiff's motion for summary judgment and an order of reference. Wilson joined in that branch of the plaintiff's motion which was to vacate the prior order, but he opposed substitution of the affidavit of merit. Wilson also cross-moved for leave to amend his answer to assert the affirmative defense of lack of standing.

In an order dated November 18, 2013, the Supreme Court granted that branch of the plaintiff's motion which was to substitute the newly submitted affidavit of merit, nunc pro tunc, and denied Wilson's cross motion for leave to amend his answer. The court subsequently entered a judgment of foreclosure and sale upon the order. Wilson appealed from both the order and the judgment. During the pendency of the appeals, he died, and Amanda Lomuto (hereinafter the administrator) was appointed the administrator of his estate and substituted as a party.

The Supreme Court providently exercised its discretion in denying Wilson's cross motion for leave to amend his answer to assert the affirmative defense of lack of standing. "A motion for leave to amend a pleading should be freely granted in the absence of prejudice or surprise resulting directly from the delay, unless the amendment would be palpably insufficient or patently devoid of merit" (*HSBC Bank USA v Philistin*, 99 AD3d 667, 667 [2012]; *see* CPLR 3025 [b]; *Dixon v Chang*, 137 AD3d 957 [2016]; *Bank of N.Y. Mellon v Aquino*, 131 AD3d 1186, 1187 [2015]; *HSBC Bank v Picarelli*, 110 AD3d 1031, 1032 [2013]). "The decision of whether to allow an amendment is committed 'almost entirely to the [motion] court's discretion' " (*HSBC Bank v Picarelli*, 110 AD3d at 1032, quoting *Murray v City of New York*, 43 NY2d 400, 405 [1977]). Here, Wilson did not make a pre-answer motion to dismiss the complaint on the ground of lack of standing, and did not raise the affirmative defense of lack of standing in his answer. Wilson's delay in asserting this affirmative defense continued during the ensuing 4½ years that this action remained pending, including a period of 3½ years after the plaintiff successfully moved for summary judgment and an order of reference. The delay resulting from Wilson's failure to raise the affirmative defense of lack of standing prior to the award of summary judgment to

the plaintiff, or at any time before the plaintiff expended efforts to comply with the mandates of the Administrative Orders, would have resulted in unfair surprise to the plaintiff. Under these circumstances, the court did not improvidently exercise its discretion in denying Wilson's cross motion for leave to amend his answer (*see South Point, Inc. v Rana*, 139 AD3d 935 [2d Dept 2016]; *HSBC Bank USA v Philistin*, 99 AD3d 667 [2012]; *cf. U.S. Bank, N.A. v Sharif*, 89 AD3d 723 [2011]).

The Supreme Court also providently exercised its discretion in granting that branch of the plaintiff's motion which was to substitute, nunc pro tunc, the newly submitted affidavit of merit in place of the affidavit of merit that had been attached to the plaintiff's motion for summary judgment and an order of reference. CPLR 2001 "permits a court, at any stage of an action, to disregard a party's mistake, omission, defect, or irregularity if a substantial right of a party is not prejudiced" (*U.S. Bank N.A. v Eaddy*, 109 AD3d at 910; *see Matter of Tagliaferri v Weiler*, 1 NY3d 605, 606 [2004]; *Midfirst Bank v Agho*, 121 AD3d 343, 351 [2014]). In addition, pursuant to CPLR 5019 (a), a court has "discretion to correct an order or judgment which contains a mistake, defect, or irregularity not affecting a substantial right of a party" (*U.S. Bank N.A. v Eaddy*, 109 AD3d at 910 [internal quotation marks omitted]). Here, no substantial right of Wilson's was affected by the substitution of the new affidavit of merit (*see HSBC Bank USA, N.A. v Dalessio*, 137 AD3d 860 [2016]; *Wells Fargo Bank, N.A. v Watanabe*, 136 AD3d 1413 [2016]; *Deutsche Bank Natl. Trust Co. v Lawson*, 134 AD3d 760, 761 [2015]; *U.S. Bank N.A. v Eaddy*, 109 AD3d 908 [2013]).

The appellant's remaining contentions either need not be reached in light of our determination, are without merit, or are not properly before this Court. Balkin, J.P., Dickerson, Sgroi and Maltese, JJ., concur.