█ WELLS FARGO BANK, N.A., Respondent, v MELODY FANTO, Appellant, et al., Defendants. [45 NYS3d 546]—

In an action to foreclose a mortgage, the defendant Melody Fanto appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered April 20, 2015, which denied her motion for leave to amend her answer.

Ordered that the order is affirmed, with costs.

The defendant Melody Fanto (hereinafter the defendant) executed, in favor of the plaintiff, a note in the sum of $293,500, and a mortgage on residential property, securing the note. On February 14, 2011, the plaintiff commenced this action to foreclose the mortgage, and the defendant served an answer, which did not raise the defense of lack of standing. The plaintiff moved, inter alia, for summary judgment on the complaint and to strike the defendant's answer. By order entered December 30, 2013, the Supreme Court granted those branches of the plaintiff's motion. Subsequently, the defendant moved solely for leave to amend her answer to assert numerous counterclaims and affirmative defenses, including lack of standing. The court denied the motion.

The Supreme Court properly denied the defendant's motion for leave to amend her answer, since the court previously granted the plaintiff's motion, inter alia, to strike the answer, and therefore, there was no answer before the court to amend (*see Panagoulopoulos v Carlos Ortiz Jr. MD, P.C.*, 143 AD3d 792 [2016]; *Prinz v New York State Elec. & Gas*, 82 AD3d 1199 [2011]; *Kazakhstan Inv. Fund v Manolovici*, 2 AD3d 249, 250 [2003]). In any event, a motion for leave to amend a pleading should not be granted where prejudice or surprise to the opposing party results directly from the movant's delay (*see U.S.*

*Bank N.A. v Lomuto*, 140 AD3d 852, 854-855 [2016]; *South Point, Inc. v Rana*, 139 AD3d 935, 936 [2016]; *HSBC Bank USA v Philistin*, 99 AD3d 667, 667-668 [2012]; *see generally* CPLR 3025 [b]; *Lucido v Mancuso*, 49 AD3d 220, 229 [2008]). Here, the defendant's extensive delay would have resulted in unfair surprise and prejudice to the plaintiff (*see U.S. Bank N.A. v Lomuto*, 140 AD3d at 854-855; *South Point, Inc. v Rana*, 139 AD3d at 936; *HSBC Bank USA v Philistin*, 99 AD3d at 667-668).

In light of our determination, we need not reach the defendant's remaining contentions.

Accordingly, the Supreme Court properly denied the defendant's motion. Leventhal, J.P., Hall, Sgroi and Duffy, JJ., concur.