HSBC USA, N.A. v Chernilas (2018 NY Slip Op 03668)





HSBC USA, N.A. v Chernilas


2018 NY Slip Op 03668


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2015-07061
2015-07068
 (Index No. 5183/08)

[*1]HSBC USA, National Association, etc., respondent,
v
Joseph Chernilas, appellant, et al., defendants.


Lester & Associates, P.C., Garden City, NY (Gabriel Korinman of counsel), for appellant.
Hogan Lovells US LLP, New York, NY (David Dunn, Chava Brandriss, and Cameron E. Grant of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Joseph Chernilas appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated October 6, 2010, and an order of the same court dated March 24, 2015. The order dated October 6, 2010, insofar as appealed from, granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against him and to strike the answer of the defendant Joseph Chernilas. The order dated March 24, 2015, denied that defendant's motion to vacate a short form order and a long form order of the same court, both dated May 21, 2014, which, upon vacating the order dated October 6, 2010, inter alia, granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against that defendant and to strike his answer.
ORDERED that the appeal from the order dated October 6, 2010, is dismissed as academic, as that order was vacated by the two orders dated May 21, 2014; and it is further,
ORDERED that the order dated March 24, 2015, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In February 2006, the defendant Joseph Chernilas (hereinafter the defendant) executed a promissory note in the sum of $1,330,000 in favor of Metrocities Mortgage, LLC, doing business as No Red Tape Mortgage, a Limited Liability Company. The note was secured by a mortgage on residential property in Great Neck. The mortgage was later assigned to the plaintiff.
On March 19, 2008, the plaintiff commenced this action to foreclose the mortgage against the defendant, among others. The defendant served an answer in which he asserted one affirmative defense. The defendant asserted that the Truth In Lending Act Notice of Right to Cancel [*2]the mortgage provided by the plaintiff did not contain the "date the rescission period expires" and therefore, the defendant was allowed to "rescind" the mortgage, which he elected to do. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, an order of reference, and to strike the defendant's answer. The defendant opposed the motion. By order dated October 6, 2010, the Supreme Court granted the plaintiff's motion. The defendant appeals from the October 6, 2010, order.
Subsequently, the plaintiff moved to vacate the October 6, 2010, order awarding it summary judgment on the ground that the previously submitted affidavits of merit contained "irregularities," and the plaintiff could not confirm or deny that the previously submitted affidavits were executed with all required formalities. The plaintiff requested the issuance of a new order awarding it summary judgment on the complaint insofar as asserted against the defendant and an order of reference, and striking the defendant's answer.
By two orders, both dated May 21, 2014, one short form and one long form, the Supreme Court granted the plaintiff's motion, vacated the October 6, 2010, order, awarded the plaintiff summary judgment and an order of reference, and struck the defendant's answer.
Thereafter, the defendant moved to vacate the two orders dated May 21, 2014, arguing that the defendant's counsel was not properly served with notice of the plaintiff's motion. By order dated March 24, 2015, the Supreme Court denied the defendant's motion. The defendant appeals from the March 24, 2015, order.
We agree with the Supreme Court's determination to deny the defendant's motion to vacate the two orders, both dated May 21, 2014, wherein the plaintiff was granted relief, in effect, to correct certain possible irregularities in previously submitted affidavits of merit. No substantial right of the defendant was affected by the substitution of the new affidavits of merit (see U.S. Bank N.A. v Lomuto, 140 AD3d 852, 855; HSBC Bank USA, N.A. v Dalessio, 137 AD3d 860, 862; U.S. Bank N.A. v Eaddy, 109 AD3d 908, 910).
The defendant's remaining contentions are either without merit or not properly before this Court.
RIVERA, J.P., MILLER, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court