HSBC Mtge. Servs., Inc. v Alphonso (2018 NY Slip Op 05454)





HSBC Mtge. Servs., Inc. v Alphonso


2018 NY Slip Op 05454


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-04823
2016-04824
 (Index No. 18890/06)

[*1]HSBC Mortgage Services, Inc., etc., respondent,
v
Kenyon J. Alphonso, etc., et al., defendants, Point Holding Alpha, LLC, appellant.


Warner & Scheuerman, New York, NY (Jonathon D. Warner and Karl E. Scheuerman of counsel), for appellant.
Fein, Such & Crane, LLP (D.J. & J.A. Cirando, Syracuse, NY [John A. Cirando, Bradley E. Keem, and Elizabeth deV. Moeller], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Point Holding Alpha, LLC, appeals from stated portions of two orders of the Supreme Court, Kings County (Noach Dear, J.), both dated March 8, 2016. The first order, inter alia, denied the cross motion of the defendant Point Holding Alpha, LLC, pursuant to CPLR 3025(b) for leave to serve an amended answer. The second order, inter alia, granted those branches of the plaintiff's motion which were to vacate an order of the same court dated April 27, 2012, directing dismissal of the complaint on the ground that the plaintiff failed to comply with Administrative Orders of the Chief Administrative Judge of the Courts AO/548/10 and AO/431/11, for summary judgment on the complaint insofar as asserted against the defendant Point Holding Alpha, LLC, and for an order of reference.
ORDERED that the orders dated March 8, 2016, are affirmed insofar as appealed from, with one bill of costs.
In October 2005, Kenyon J. Alphonso executed a note secured by a mortgage on residential property located in Brooklyn. Alphonso then transferred the premises to the defendant Point Holding Alpha, LLC (hereinafter the defendant). In June 2006, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage, and was awarded summary judgment on the complaint in June 2009.
By order dated February 6, 2012, the Supreme Court denied a motion by the plaintiff for an order of reference and directed dismissal of the complaint with prejudice unless, within 60 days, the plaintiff's counsel submitted an affirmation in compliance with Administrative Orders of the Chief Administrative Judge of the Courts AO/548/10 and AO/431/11. By order dated April 27, 2012, the court directed dismissal of the complaint on the ground that plaintiff's counsel failed to file the required affirmation.
The plaintiff subsequently moved, inter alia, to vacate the order dated April 27, 2012, for summary judgment on the complaint, and for an order of reference. The defendant cross-moved [*2]pursuant to CPLR 3025(b) for leave to serve an amended answer to assert the affirmative defense of lack of standing. In two orders, both dated March 8, 2016, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The defendant appeals from the orders dated March 8, 2016.
The Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was to vacate the order dated April 27, 2012. In addition to demonstrating the existence of a meritorious cause of action, the plaintiff demonstrated a reasonable excuse for its default by establishing that its counsel had not been sent a copy, or notice of entry of, the conditional order of dismissal, such notification likely having been sent to the plaintiff's former counsel (see Darrell v Yurchuck, 174 AD2d 557).
The plaintiff established its prima facie entitlement to judgment as a matter of law by submitting the mortgage, the note, and evidence of the mortgagor's default (see Wells Fargo Bank, N.A. v Miller, 150 AD3d 1046, 1048; Deutsche Bank Natl. Trust Co. v Islar, 122 AD3d 566). In opposition, the defendant failed to raise a triable issue of fact. The defendant's assertion in opposition that the plaintiff lacked standing was to no avail, as the defendant waived the defense of lack of standing, inter alia, by failing to raise it in its answer (see Citibank, N.A. v Gentile, 156 AD3d 859, 860; Wells Fargo Bank Minn., N.A. v. Mastropaolo, 42 AD3d 239, 240).
Under the circumstances of this case, we agree with the Supreme Court's conclusion that the plaintiff adequately complied with Administrative Orders of the Chief Administrative Judge of the Courts AO/548/10 and AO/431/11 (see Deustsche Bank Natl. Trust Co. v Otano, 129 AD3d 770; see also Bank of Am., N.A. v Brannon, 156 AD3d 1, 7-10).
Accordingly, we agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were to vacate the order dated April 27, 2012, for summary judgment on the complaint insofar as asserted against the defendant, and for an order of reference.
The Supreme Court providently exercised its discretion in denying the defendant's cross motion pursuant to CPLR 3025(b) for leave to serve an amended answer to assert the affirmative defense of lack of standing. A motion for leave to amend a pleading should be freely granted in the absence of prejudice or surprise resulting directly from the delay, unless the amendment would be palpably insufficient or patently devoid of merit (see CPLR 3025[b]; DLJ Mtge. Capital, Inc. v David, 147 AD3d 1024, 1025; US Bank, N.A. v Primiano, 140 AD3d 857, 857). Here, where the defendant failed to raise the standing defense in opposition to the plaintiff's first motion for summary judgment, or in the several years after the motion was granted and prior to the conditional dismissal of the complaint, the extensive delay in seeking leave to assert the defense would have resulted in unfair surprise and prejudice to the plaintiff (see Wells Fargo Bank, N.A. v Fanto, 146 AD3d 1012, 1012-1013; U.S. Bank N.A. v Lomuto, 140 AD3d 852, 854-855; South Point, Inc. v Rana, 139 AD3d 935, 936; HSBC Bank USA v Philistin, 99 AD3d 667, 667-668).
LEVENTHAL, J.P., SGROI, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court