Deutsche Bank Natl. Trust Co. v James (2018 NY Slip Op 05572)





Deutsche Bank Natl. Trust Co. v James


2018 NY Slip Op 05572


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2015-12242
 (Index No. 36495/07)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Francis James, appellant, et al., defendants.


Berg & David, PLLC, Brooklyn, NY (Abraham David and Shane Wax of counsel), for appellant.
Hinshaw & Culbertson, LLP, New York, NY (Benjamin Noren and Schuyler B. Kraus of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Francis James appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Bernadette Bayne, J.), dated July 7, 2015. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court dated June 21, 2010, granting the plaintiff's motion, inter alia, for summary judgment on the complaint, to strike the answer of the defendant Francis James, and for an order of reference, granted the plaintiff's motion for a judgment of foreclosure and sale and directed the sale of the subject premises, and, in effect, denied those branches of the cross motion of the defendant Francis James which were pursuant to CPLR 5015(a)(3) to vacate the order dated June 21, 2010, and, in effect, pursuant to CPLR 3025(b) for leave to amend his answer to assert the affirmative defense of lack of standing.
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from, with costs.
In 2007, the plaintiff commenced this action to foreclose a mortgage against the defendant Francis James (hereinafter the defendant), among others. In an order dated June 21, 2010, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint, to strike the defendant's answer, and for an order of reference. Subsequently, the plaintiff moved, inter alia, for a judgment of foreclosure and sale. In February 2015, the defendant cross-moved, among other things, pursuant to CPLR 5015(a)(3) to vacate the order dated June 21, 2010, and, in effect, pursuant to CPLR 3025(b) for leave to amend his answer to assert the affirmative defense of lack of standing. In an order and judgment of foreclosure and sale dated July 7, 2015, the court, inter alia, granted the plaintiff's motion for a judgment of foreclosure and sale and directed the sale of the subject premises, and, in effect, denied those branches of the defendant's cross motion which were pursuant to CPLR 5015(a)(3) to vacate the order dated June 21, 2010, and, in effect, pursuant to CPLR 3025(b) for leave to amend his answer to assert the affirmative defense of lack of standing. The defendant appeals from the order and judgment of foreclosure and sale.
Initially, since the record does not reveal when the order and judgment of foreclosure and sale and written notice of its entry was served on the defendant, we reject the plaintiff's contention that the defendant's appeal must be dismissed as untimely taken (see CPLR 5513[a]; Zapata v County of Suffolk, 23 AD3d 553, 554).
The record supports the Supreme Court's determination, in effect, denying that branch of the defendant's cross motion which was pursuant to CPLR 5015(a)(3) to vacate the order dated June 21, 2010. CPLR 5015(a)(3) permits a court to relieve a party from an order or judgment on the ground of "fraud, misrepresentation, or other misconduct of an adverse party." "While there is no specific time limit within which to move under this provision, the motion must be made within a reasonable time" (Empire State Conglomerates v Mahbur, 105 AD3d 898, 899; see New Century Mtge. Corp. v Chimmiri, 146 AD3d 893, 894; Bank of N.Y. v Stradford, 55 AD3d 765; Aames Capital Corp. v Davidsohn, 24 AD3d 474, 475). Here, the defendant's delay of more than four years in moving to vacate the order dated June 21, 2010, was unreasonable, and, in any event, the circumstances cited by the defendant failed to establish that the plaintiff procured that order by fraud, misrepresentation, or other misconduct (see New Century Mtge. Corp. v Chimmiri, 146 AD3d at 894-895; Empire State Conglomerates v Mahbur, 105 AD3d at 899; Bank of N.Y. v Stradford, 55 AD3d at 765-766; Aames Capital Corp. v Davidsohn, 24 AD3d at 475).
The record also supports the Supreme Court's determination, in effect, to deny that branch of the defendant's cross motion which was, in effect, pursuant to CPLR 3025(b) for leave to amend his answer to assert the affirmative defense of lack of standing. Since the court previously granted the plaintiff's motion, inter alia, to strike the defendant's answer, there was no answer before the court to amend (see Wells Fargo Bank, N.A. v Fanto, 146 AD3d 1012, 1012; Panagoulopoulos v Carlos Ortiz Jr. MD, P.C., 143 AD3d 792, 792). In any event, a motion for leave to amend a pleading should not be granted where prejudice or surprise to the opposing party results directly from the moving party's delay (see Wells Fargo Bank, N.A. v Fanto, 146 AD3d at 1012; U.S. Bank N.A. v Lomuto, 140 AD3d 852, 854-855; South Point, Inc. v Rana, 139 AD3d 935, 936). Here, the defendant's extensive delay would have resulted in unfair surprise and prejudice to the plaintiff (see U.S. Bank N.A. v Lomuto, 140 AD3d at 854-855; South Point, Inc. v Rana, 139 AD3d at 936). Moreover, that proposed amendment was palpably insufficient and patently devoid of merit (see Bank of Am., N.A. v Barton, 149 AD3d 676, 679).
LEVENTHAL, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court