21st Mtge. Corp. v Palazzotto (2018 NY Slip Op 06072)





21st Mtge. Corp. v Palazzotto


2018 NY Slip Op 06072


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2016-08126
 (Index No. 10987/14)

[*1]21st Mortgage Corporation, appellant, 
v
Anthony Palazzotto, respondent, et al., defendants.


Leopold & Associates, PLLC, Armonk, NY (Erin E. Wietecha of counsel), for appellant.
LaMonica Herbst & Maniscalco, LLP, Wantagh, NY (Melanie A. FitzGerald of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated June 14, 2016. The order denied the plaintiff's motion for leave to enter a default judgment and for an order of reference, and granted the cross motion of the defendant Anthony Palazzotto to dismiss the complaint insofar as asserted against him as time-barred and to cancel the notice of pendency filed against the subject property.
ORDERED that the order is reversed, on the law, with costs, the plaintiff's motion for leave to enter a default judgment and for an order of reference is granted, and the cross motion of the defendant Anthony Palazzotto to dismiss the complaint insofar as asserted against him as time-barred and to cancel the notice of pendency filed against the subject property is denied.
In July 2014, the plaintiff commenced this mortgage foreclosure action against, among others, the defendant Anthony Palazzotto. Palazzotto defaulted in answering or appearing, and the plaintiff moved for leave to enter a default judgment and for an order of reference. Palazzotto opposed the motion, and cross-moved to dismiss the complaint insofar as asserted against him as time-barred and to cancel the notice of pendency filed against the subject property. He argued that the debt was accelerated in 2008, when a prior action was commenced to foreclose the same mortgage. The Supreme Court denied the plaintiff's motion, and granted Palazzotto's cross motion. The plaintiff appeals.
The plaintiff demonstrated its entitlement to a default judgment and an order of reference by submitting proof of service of a copy of the summons and complaint, proof of the facts constituting the causes of action, including that the defendant defaulted on his payment obligations, and proof that neither he nor any of the other defendants had otherwise appeared or answered the complaint within the time allowed (see RPAPL 1321[1]; CPLR 3215[f]; HSBC Bank USA v Angeles, 143 AD3d 671, 673; HSBC Bank USA, N.A. v Traore, 139 AD3d 1009).
Palazzotto waived a statute of limitations defense by failing to raise it in an answer or in a timely pre-answer motion to dismiss (see CPLR 3211[a][5]; [e]; MidFirst Bank v Ajala, 146 AD3d 875; South Point, Inc. v Rana, 139 AD3d 935, 935-936; Ferri v Ferri, 71 AD3d 949, 950).
Accordingly, the Supreme Court should have granted the plaintiff's motion for leave to enter a default judgment and for an order of reference, and denied the defendant's cross motion to dismiss the complaint insofar as asserted against him as time-barred and to cancel the notice of pendency filed against the subject property.
BALKIN, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court