Matter of Logan (2019 NY Slip Op 02344)





Matter of Logan


2019 NY Slip Op 02344


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-01420 
2017-03442

[*1]In the Matter of Nicholas D. Logan, also known as Nicholas D. Karapaleologou, deceased. Penelope Sue Logan, respondent; Demetrios N. Logan, appellant. (File No. 157528)


Ray Elliot Shain, Garden City, NY, for appellant.
Laurino & Laurino (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum and Marshall D. Sweetbaum], of counsel), for respondent.



DECISION & ORDER
In a probate proceeding in which Penelope Sue Logan petitioned pursuant to SCPA 2205 to compel a trust accounting, Demetrios N. Logan appeals from (1) a decision of the Surrogate's Court, Nassau County (Margaret C. Reilly, S.), dated December 1, 2016, and (2) an order of the same court dated February 27, 2017. The order, upon the decision, denied the motion of Demetrios N. Logan for leave to amend the answers to the petitions and to direct Penelope Sue Logan to submit to genetic marker testing.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicci v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to Penelope Sue Logan payable by Demetrios N. Logan personally.
On September 25, 1970, Nicholas D. Logan, also known as Nicholas D. Karapaleologou (hereinafter the decedent), executed a last will and testament that, inter alia, created a trust for the benefit of his "natural grandchildren." After the decedent died on March 3, 1972, his attorney was appointed executor and trustee of his estate. The attorney later resigned, and Alice Ruth Logan (hereinafter Alice), the daughter-in-law of the decedent, was appointed as successor trustee of the estate.
By petitions for a compulsory accounting, both dated November 8, 2011, Penelope Sue Logan (hereinafter Penelope) sought to compel Alice, Penelope's mother, to account to her in Alice's capacity as successor trustee and executor of the decedent's estate. Alice filed verified answers, both dated January 18, 2012, in which she, inter alia, admitted that Penelope was a grandchild of the decedent and a beneficiary of the subject trust. In October 2013, Alice died, and her husband, Demetrios N. Logan (hereinafter Demetrios), who is the decedent's son, was [*2]substituted for her in these proceedings. On January 6, 2015, Penelope filed a third petition for a compulsory accounting. Demetrios filed a verified answer in which he admitted the allegations in the petition that Penelope was a natural grandchild of the decedent and a beneficiary of the trust.
Subsequently, by notice of motion dated August 11, 2016, Demetrios moved for leave to amend the answers so as to deny the allegations that Penelope is a natural grandchild of the decedent and to assert as an affirmative defense, in effect, that Penelope lacks standing to petition for an accounting. In the motion, Demetrios also sought to direct Penelope to submit to genetic marker testing. Demetrios claimed that, although he had raised Penelope as his daughter, he had recently formed reason to believe that he was not her biological father. Penelope, who was then 54 years old, opposed the motion, arguing, inter alia, that she would be severely prejudiced by Demotrios's delay in seeking the proposed amendments, and that the motion was merely an attempt to further delay an accounting. The Surrogate's Court denied Demetrios's motion, and Demetrios appeals.
A determination of whether to grant leave to amend pleadings is within a court's " broad discretion, and the exercise of that discretion will not be lightly disturbed'" (Krigsman v Cyngiel, 130 AD3d 786, 786, quoting Gitlin v Chirinkin, 60 AD3d 901, 902; see U.S. Bank N.A. v Lomuto, 140 AD3d 852, 854). " In exercising its discretion, the court should consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated [and] whether a reasonable excuse for the delay was offered'" (Yong Soon Oh v Hua Jin, 124 AD3d 639, 640, quoting Cohen v Ho, 38 AD3d 705, 706; see Caruso v Anpro, Ltd., 215 AD2d 713, 713). Generally, leave to amend pleadings " should be freely given provided that the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit'" (Krigsman v Cyngiel, 130 AD3d at 786, quoting Gitlin v Chirinkin, 60 AD3d at 901-902).
Here, the Surrogate's Court providently exercised its discretion in denying that branch of Demetrios's motion which was for leave to serve amended answers denying that Penelope was a natural grandchild of the decedent and to assert the defense that she lacked standing to compel an accounting. The 1972 application for letters testamentary and letters of trusteeship by the original executor listed Penelope as a grandchild of the decedent. These accounting proceedings have been litigated by the various executors from their inception with the understanding that Penelope was a natural grandchild of the decedent. Further, Demetrios admitted in a deposition in these proceedings that Penelope was his biological child. Under these circumstances, Demetrios's extensive delay in seeking the proposed amendments would have resulted in unfair surprise and prejudice to Penelope (see Yong Soon Oh v Hua Jin, 124 AD3d at 640; see also Wells Fargo Bank, N.A. v Fanto, 146 AD3d 1012, 1013; U.S. Bank N.A. v Lomuto, 140 AD3d at 854-855; HSBC Bank USA v Philistin, 99 AD3d 667, 668).
In light of the foregoing, Demetrios's remaining contention has been rendered academic.
MASTRO, J.P., BALKIN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court