Christiana Trust v Rice (2020 NY Slip Op 05315)





Christiana Trust v Rice


2020 NY Slip Op 05315


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


111 CA 19-01665

[*1]CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR NORMANDY MORTGAGE LOAN TRUST, SERIES 2013-13, PLAINTIFF-APPELLANT,
v
JOHNNY L. RICE, DEFENDANT-RESPONDENT, ET AL., DEFENDANTS. (APPEAL NO. 3.) 






FRIEDMAN VARTOLO LLP, NEW YORK CITY (ZACHARY GOLD OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
WOODRUFF LEE CARROLL P.C., SYRACUSE (WOODRUFF LEE CARROLL OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an amended order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered March 19, 2019. The amended order, inter alia, granted the motion of defendant Johnny L. Rice for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the amended order so appealed from is unanimously vacated, the complaint is reinstated, and the order entered October 20, 2017 is modified on the law by denying the cross motion of defendant Johnny L. Rice for leave to amend the answer, and as modified the order is affirmed without costs.
Memorandum: In appeal No. 1, plaintiff appeals from an order (October order) that, insofar as appealed from, granted the cross motion of Johnny L. Rice (defendant) for leave to amend the answer. In appeal No. 2, plaintiff appeals from an amended order that denied plaintiff's cross motion for leave to renew and reargue its opposition to defendant's cross motion. In appeal No. 3, plaintiff appeals from an amended order that, inter alia, granted defendant's motion for summary judgment dismissing the complaint.
Initially, we conclude that appeal No. 2 must be dismissed because, although plaintiff denominated its cross motion as one for leave to renew and reargue, the cross motion was actually one for leave to reargue only (see MidFirst Bank v Storto, 121 AD3d 1575, 1575 [4th Dept 2014]; Empire Ins. Co. v Food City, 167 AD2d 983, 983 [4th Dept 1990]), and it is well settled that no appeal lies from an order denying such a motion or cross motion (see Matter of Kleinbach v Cullerton, 151 AD3d 1686, 1687 [4th Dept 2017]; Britt v Buffalo Mun. Hous. Auth., 115 AD3d 1252, 1252 [4th Dept 2014]). Furthermore, we note that the appeal from the final, amended order in appeal No. 3 brings up for review the propriety of the October order, and therefore the appeal from that order in appeal No. 1 must also be dismissed (see Burke v Crosson, 85 NY2d 10, 15 [1995]; Matter of White v Byrd-McGuire, 163 AD3d 1413, 1413-1414 [4th Dept 2018]; see generally CPLR 5501 [a] [1]).
In appeal No. 3, we agree with plaintiff that Supreme Court erred in granting defendant's cross motion for leave to amend the answer. CPLR 3025 (b) provides, in relevant part, that "[a] party may amend his or her pleading . . . at any time by leave of court or by stipulation of all parties. Leave shall be freely given upon such terms as may be just" (see Fanelli v Upstate Cerebral Palsy, Inc., 171 AD3d 1478, 1479 [4th Dept 2019]). Where a complaint or answer has already been stricken or dismissed, however, a court cannot permit amendment of the pleading because there is no pleading before the court to be amended (see Tanner v Stack, 176 AD3d 429, [*2]429 [1st Dept 2019]; Deutsche Bank Natl. Trust Co. v James, 164 AD3d 467, 469 [2d Dept 2018]; Wells Fargo Bank, N.A. v Fanto, 146 AD3d 1012, 1012 [2d Dept 2017]). Here, there is no dispute that, at the time of defendant's cross motion, the answer had already been stricken pursuant to a prior order of the court (see Tanner, 176 AD3d at 429; Deutsche Bank Natl. Trust Co., 164 AD3d at 469; Wells Fargo Bank, N.A., 146 AD3d at 1012). We therefore modify the October order accordingly.
In light of our determination, plaintiff's remaining contentions are academic.
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court